## THE UNITED RAILWAYS AND ELECTRIC COMPANY *vs.* ROSE CORBIN.

*Appeal—Motion in Trial Court to Strike Out Judgment After Appeal Taken.*

After a judgment rendered in a Court of Baltimore City has become enrolled, by lapse of thirty days, under Local Code, Art. 4, Sec. 317, and an appeal therefrom entered, bond to stay execution filed, and the record transmitted to the Court of Appeals, the trial Court has no jurisdiction to entertain a motion to strike out the judgment on the ground of surprise and fraud.

The affirmance of a judgment by the Court of Appeals precludes the lower Court from vacating it, unless the cause be remanded for further proceedings.

*Decided November 12th, 1908.*

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Joseph C. France* and *J. Pembroke Thom* (with whom was *Albert R. Stuart* on the brief), for the appellant.

*S. S. Field* (with whom was *Philip M. Golden* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The appellee recovered a verdict against the appellant in the Court of Common Pleas of Baltimore City for damages claimed to have been sustained by her by reason of the alleged negligence of the appellant. A motion for a new trial was made, which was overruled on April 6th, 1908, and the same day a judgment was entered on the verdict. On that date an appeal was taken to this Court, an appeal bond was filed and the necessary affidavits made to stay execution. On July 7th, 1908, the transcript of the record was transmitted to this Court by registered mail and received by the Clerk the next day.

On September 14 the defendant (appellant) filed a motion in the lower Court to strike out the judgment, alleging surprise, deceit and fraud, and making some specific allegations which need not be more particularly referred to. The Court set the motion for hearing, whereupon the plaintiff (appellee) filed a petition alleging, amongst other things, that the Court had no jurisdiction to entertain the motion to strike out the judgment pending the appeal in this Court, and prayed that the order setting the case for hearing be rescinded and that the hearing be postponed until such time after the decision by this Court as might be reasonable. The Court, after hearing the attorneys, granted the petition of the plaintiff, rescinded its order setting the motion for hearing and ordered that it be "postponed until such time as may be set by this Court after the decision by the Court of Appeals of the pend-

ing appeal in this case." The order recited that the Court was of opinion that it had no jurisdiction to hear and decide the motion to strike out the judgment while the appeal was pending in this Court. From that order this appeal was taken.

A motion to dismiss the appeal has been made on the ground that it is not a final order, but we will first determine whether the Court had jurisdiction to entertain the motion to strike out the judgment. Under Sections 317 and 318 of Article 4 of the Code of Public Local Laws, judgments are to be treated as enrolled thirty days after they are entered in the Courts of Baltimore City, as they were under the previous practice after the term at which they were entered, and any action taken or order passed in relation to any judgment entered by one of them after thirty days "(unless upon a motion or application made within that time) shall have the same effect and force as it would have had under such previous practice, if taken or passed after the expiration of said term, and no more." As this judgment was entered April 6th, and the motion to strike it out was not filed until September 14th, the statute is applicable. We are therefore to determine whether the lower Court has the power to strike out a judgment on a motion made after it is enrolled, after an appeal has been taken, a bond given and the necessary affidavit made to stay execution, and the transcript of the record has been transmitted to and received in this Court—the motion being founded on allegations of surprise, deceit and fraud.

Whatever may be the power of the lower Court over its judgment before an appeal is perfected, it seems clear to us that there was no reversible error in the action of the Court of Common Pleas, under the circumstances stated above. Section 15 of Article 4 of the Constitution, in referring to this Court, provides that " all cases shall stand for hearing at the first term after the transmission of the record," and Section 39 of Article 5 of the Code (1904) provides, that "upon the receipt of such transcript, the Clerk of the Court

of Appeals shall enter the case upon his docket as of the term next after the receipt of such transcript." The appeal from the judgment was therefore regularly placed upon the docket of the present (October) term of this Court.

If a motion to strike out the judgment, which was filed on September 14th, three weeks before this term began, could be entertained by the lower Court, one filed after the beginning of the term could with equal propriety be heard, if the necessary allegations be made to account for the delay, etc. Such practice might result either in the time of this Court being occupied in hearing and considering an appeal from a judgment which the lower Court was at the same time considering the propriety of vacating, and might vacate, or it would require this Court to postpone the hearing and decision of the appeal until the lower Court determined whether it would vacate the judgment, although the question was not involved in the appeal in this Court. Circumstances might delay action by the lower Court for months, and in the meantime this Court could not with propriety dispose of the appeal, although regularly before it, because of the proceedings taken in the Court below, subsequent to the transcript being filed in this Court. If such be the right of a party losing a case, resort might be had to such a motion for the purpose of delay, or to annoy and harass the other party, for if the motion must be entertained by the lower Court it cannot always be speedily disposed of. We do not mean to intimate that such motives influenced the appellant in this case, as the standing of the attorneys representing it is such as to forbid such a suggestion, but we only speak of what might be possible, if that practice be sanctioned.

But in addition to those reasons, which may be said to only affect the convenience of the Court or the parties, or at most only to cause delay, which is not as of much importance as giving relief against fraud, the practice might result in conflicting actions of the two Courts which would not only be injurious to the parties interested, but would reflect discredit upon the administration of justice. This Court might, for

example, affirm a judgment the same day that the Court below struck it out. The Constitution says that the judgments of this Court "shall be final and conclusive," and there are statutes in force which would cause great confusion, to say the least, if the two Courts were permitted to act in reference to the same jugdment at the same time. Under Sec. 22 of Art. 5 this Court has power, whether a judgment be reversed or affirmed, to grant a new trial, if it be of the opinion it ought to be granted, and it might affirm a judgment and order a new trial, and the lower Court might the same day pass an order refusing to strike out the judgment.

Under Sec. 23 of that Article, if this Court reverses a judgment, it can, on the statute being complied with, direct the Clerk to transmit a copy of the record to the Clerk of the Court of some other County or City, with an order directing it to proceed with a new trial, while the lower Court might strike out the judgment and order the case to be retried. Or the judgment might be affirmed in this Court and execution issued thereon, while the lower Court might grant the motion to strike out the judgment on which the one in this Court was based. The bond could be sued if the judgment is affirmed by this Court, and other instances of confusion and injury might be given.

If it be said that it is not contended that the two Courts can act concurrently, which is to have precedence? Is this Court to wait until the lower Court acts? If so, where is the authority for it? There is no statute authorizing such delay, and it would be a very questionable exercise of power for this Court to continue a case pending here, at the instance of the appellant and against the will of the appellee, to await the action of the lower Court on a motion made after the appeal was regularly docketed in this Court. If, on the other hand, it be said that the lower Court must wait until this Court has acted, that is precisely what the order appealed from provided for. If the appellant desired such motion to be acted on by the lower Court, it had the undoubted right

to dismiss its appeal and thereby enable that Court to act on the motion.

We do not find any authorities contrary to the views we have indicated which would be binding upon us, or which we would be justified in following, under our statutes and practice. In the case of *Rayner* v. *Jones,* 90 Cal. 81, cited by the appellant, the defendant filed a motion for a new trial after an appeal had been taken, but, as said in the opinion of the Court, "in due season." The Court held that the lower Court was in error in proceeding on the theory that, as the judgment had been appealed from when the motion for a new trial came on for hearing, it had lost jurisdiction to determine it, and the appeal from the order of the lower Court dismissing the motion was treated as an appeal from an order denying a new trial, which is appealable in California. In this State a final judgment cannot be entered until after the motion for a new trial is determined, if it is made within the time allowed for such motion, *Heiskell* v. *Rollins,* 81 Md. 397, and hence no such question can arise as there was in that case. In *People ex rel. Hoffman* v. *Board of Education,* 141 N. Y. 86, there was a motion in the Court of Appeals for an order directing the former attorneys of the relator to deliver certain papers to her attorney afterwards employed. The Court said that the application should be made to the lower Court. The case of *Gale* v. *Nickerson,* 144 Mass. 415, does not aid us in reaching a proper conclusion, as it and the case therein cited show that in that State the practice is altogether different from ours.

On the other hand, there are many authorities to the effect that, "Where an appeal has been perfected, the jurisdiction of the appellate Court over the subject-matter and the parties attaches, and the trial Court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded," 2 *Ency. of Pl. & Pr.* 327, and cases cited in note. Or as said in 2 *Cyc.* 975, "So, after the appeal is taken, the judgment in the Court below cannot be vacated and set aside, subject, however, to the power of Courts over

their own judgments during the term, notwithstanding steps taken to perfect an appeal." Of course, we do not mean to say that there can be no subsequent proceedings under any circumstances. If, for example, there be no bond or affidavit, as provided for by statute, and an execution is issued on a judgment, the lower Court can entertain a motion to quash the execution, or to set aside the sale, notwithstanding an appeal from the judgment has been perfected, but such action would not conflict with what was before this Court. So in *Rohrbach* v. *Rohrbach,* 75 Md. 317, it was held that the Court could allow counsel fees to a wife after the appeal had been taken by the husband from a decree dismissing his bill for divorce. If that were not so a wife might not be able to be represented in this Court. See also *Chappell* v. *Chappell,* 86 Md. 532.. In *Rice* v. *West,* 42 Md. 614, it was held that a case could not be removed after judgment by default had been entered, and during the pendency of an appeal from an order passed after the judgment by default, refusing to move the case, the Court could extend the judgment and issue execution thereon, but there was no bond to stay the proceedings in that case. Other cases might be cited in which there were subsequent proceedings after an appeal had been taken, but there is no case in this State sanctioning action by the lower Court on the very subject-matter of the appeal, unless perhaps it be something done for the preservation or protection of the property involved, and then only when the rights of the parties cannot be affected by such action of the Court.

In *Avirett* v. *State,* 76 Md. 510, 538, judgment was entered on May 24th, 1892, and on the next day a motion was made to strike it out. While that motion was pending the traverser, on July 15, 1892, entered an appeal from the judgment. A motion to dismiss the appeal was made by the Attorney-General on the ground that, as testimony was taken and a hearing had on the motion to strike out the judgment, the appeal taken on July 15 was waived, because the appeal operated to remove the record from the Circuit Court, and

further proceedings on the motion to strike out the judgment could only have been taken on the assumption that the record was still there, and hence if still there the appeal must have been abandoned. This Court refused to adopt that view, and in considering the question said: "The appeal of itself neither stays execution nor necessarily suspends all other proceedings in the Court below. Unless it does do this, the mere ordering of the appeal did not deprive the lower Court of the jurisdiction to hear the motion; and if the Court had jurisdiction to decide the motion after the appeal had been prayed, the hearing of the motion could not be regarded as a constructive or an actual waiver of the appeal." After holding that the appeal was not waived, Judge McSherry added: "But if it be granted that after the entry of an appeal the lower Court had no longer the jurisdiction to hear the motion, then, instead of the appeal being waived or abandoned by the hearing of the motion, the motion was prematurely and improvidently heard. In either view the motion to dismiss must be overruled." There was also a motion to dismiss the appeal taken from the refusal of the Court to strike out the judgment, but the Court said that as it did not find it necessary to consider that appeal, the motion to dismiss it need not be passed on. It therefore did not determine the question which was more analogous to the one now under consideration than the others in the case.

But that case wholly differs from this in several respects. In the first place, the motion to strike out was made the day after the judgment was entered and during the same term, and was determined before the transcript of the record was sent to this Court. The ruling on it was contained in the same record as the other appeal. It does not therefore in any way help the appellant, and we do not want to be understood as intimating that merely entering an appeal from a judgment would prevent a motion to strike it out from being heard. If the transcript of the record has not been transmitted to this Court, the appellant can dismiss his appeal in

the lower Court, or that Court may dismiss it if the transcript is not transmitted within the time required by law.

Whether the lower Court can vacate a judgment; or take other action, on a motion made before the transcript is transmitted, after it is transmitted, is not involved in this appeal.

It was not decided in *Maryland Steel Co.* v. *Marney,* 91 Md. 360, that the lower Court could not vacate a judgment after affirmance by this Court, if proper grounds were shown, but we did decline to concede that it could be done, under the circumstances of that case. That judgment had not only been affirmed, but it had been superseded in this Court. As a supersedeas of a judgment under our practice requires a confession of judgment by the defendant and his sureties, which in that case was recorded in this Court it is difficult to understand how the latter could be affected by a motion to strike out the original judgment in the lower Court. It is perfectly certain that complete relief could not be given by the lower Court vacating that judgment, and in speaking of the question raised, whether a party could make a motion to strike out a judgment in the Court where it was rendered, and at the same time file a bill in equity to have it set aside, we said: "Under the peculiar circumstances of this case, where there is a judgment in the Court below, which was affirmed in this Court and then superseded, a Court of equity could undoubtedly afford more ample relief, if the appellant is entitled to it, than could be obtained in the Court of Common Pleas, especially if it be necessary to enjoin the holders of the judgment from enforcing it, as this bill seeks to do."

But we are of the opinion that an affirmance of a judgment at law by this Court does preclude the Court below from vacating the original judgment appealed from, unless it be a case which can be remanded after affirmance, and has been actually remanded for some further proceedings, if there be such case. Sec. 70 of Art. 5 of the Code authorizes a writ of *fieri facias* or attachment to be issued upon any judgment of this Court, directed to the Sheriff of the County in which the original judgment appealed from was rendered, and also to

other counties upon good cause shown, and Sec. 71 makes provision for issuing such writs to Baltimore City. The statute requires a short copy of the judgment to be sent with the writ. It would be an anomalous condition of affairs if, after a judgment had been affirmed and an execution or an attachment had been issued from this Court, and there had been sent with it a copy of the judgment to the county or city from which the appeal was taken, the lower Court could vacate the judgment on which the one in this Court was based.

A judgment of this Court is a lien on all the lands of the defendant in this State, 2 *Poe,* 377, and it would seem to be clear that if the lower Court had the power to vacate its own judgment it could not disturb that of the appellate Court. It would therefore be a useless proceeding to permit it to be done, and in the absence of some statute we must hold that it cannot be done. This conclusion does not necessarily work an injustice upon a defendant, for we in effect held in *Marney's Case* that a Court of equity could give relief when the facts justified it, and there are other decisions of this Court to the same effect.

Of course, in what we said above, we were speaking of an ordinary judgment at law, such as that in this case, and when there is an affirmance without other action of this Court. Nor does what we have said apply to an equity case remanded to the lower Court with directions to it to enter a decree in conformity with the opinion of this Court, or for further proceedings. As was done in *Safe Deposit Company* v. *Gittings,* 102 Md. 456, a bill of review upon the ground of material evidence discovered since the passage of the decree may be filed upon leave granted by the lower Court.

The lower Court was justified in refusing to hear the motion to strike out the judgment while the appeal was pending in this Court, and the appellant cannot complain of its postponement of the hearing. If the appeal from the judgment should for any cause be dismissed, the appellant may get the benefit of the motion pending.

.So without considering the motion to dismiss this appeal, we will affirm the order.

> *Order affirmed, the appellant to pay the costs.*