## RENT-A-CAR COMPANY *v.* GLOBE & RUTGERS FIRE INSURANCE COMPANY.

[No. 13, January Term, 1934.]

*Decided February 28th, 1394.*

448

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Richard E. Preece* and *Leon H. A. Pierson,* for the appellant.

*Leonard Weinberg,* with whom were *Weinberg & Sweeten* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The controversy between the parties to this record has been before this court on three previous occasions: 158 Md. 169, 148 A. 252; 161 Md. 249, 156 A. 847, and 163 Md. 401, 163 A. 702. In each of those cases the trial was by court and jury, and in each a verdict and judgment was found and entered for the defendant, the appellee. In the first and second of those cases, on appeal, the judgment was reversed and a new trial awarded. On the third appeal the judgment in favor of this appellee was affirmed, and a motion for reargument in this court was overruled, thereby finally disposing of the case.

After the mandate of this court was received by the trial court, the appellant filed its petition in the Baltimore City Court to strike out the judgment in that court on the ground of fraud in the obtention of said judgment. The fraud complained of is alleged to be the perjury of one Judson R. Kezer, a witness who testified on behalf of the defendant (appellee) in the second and third trials of this case. There was filed with the petition an affidavit by the said Kezer made before a notary public of the State of New York, wherein the affiant swore that the testimony under oath, which he had given in the trials previously had between the parties, was "false and untrue," and further that he made this statement of his "free will in an effort to undo the great wrong and injustice I have done."

On May 4th, 1933, the Baltimore City Court ordered that

the judgment in the above entitled cause be and the same is hereby stricken out and the case be and the same is hereby reinstated on the trial calendar for trial, unless cause to the contrary be shown on or before the 31st day of May, 1933, provided that a copy of this petition and order be served on the attorneys for the defendant on or before the 15th day of May, 1933. The defendant filed its answer, and prayed the court, for reasons therein set forth, to rescind its *nisi* order of May 4th, 1933, and that the petition of the plaintiff to strike out the judgment be dismissed. After a hearing on petition and answer, the lower court, on June 10th, 1933, passed two orders in conformity with the prayers contained in the defendant's answer. The appeal is from those orders, and presents the sole question whether the trial court was correct in refusing to strike out the judgment made absolute on March 3rd, 1932, and affirmed by this court on January 11th, 1933. The motion made by the appellant for a reargument of the case in this court was based upon the identical facts which by this record were urged upon the trial court as requiring that the judgment be stricken out.

A sound public policy requires that there be an end of litigation between the same parties growing out of the same facts. In cases where there has been an adversary trial between the parties, a judgment rendered by the trial court, and that judgment affirmed by this court, without a remand for further proceedings, it is an end of that litigation, and the trial court has no jurisdiction to strike out the judgment. *Maryland Steel Co. v. Marney,* 91 Md. 360, 46 A. 1077; *United Rwys. & Elec. Co. v. Corbin,* 109 Md. 52, 71 A. 131, 134. In the last-mentioned case, Chief Judge Boyd, speaking for the court, said: "But we are of the opinion that an affirmance of a judgment at law by this court does preclude the court below from vacating the original judgment appealed from, unless it be a case which can be remanded after affirmance, and has been actually remanded for some further proceedings, if there be such case. Section 70, article

5 of the Code, authorizes a writ of *fieri facias* or attachment to be issued upon any judgment of this court, directed to the sheriff of the county in which the original judgment appealed from was rendered, and also to other counties upon good cause shown, and section 71 makes provision for issuing such writs to Baltimore City. The statute requires a short copy of the judgment to be sent with the writ. It would be an anomalous condition of affairs if, after a judgment had been affirmed, and an execution or an attachment had been issued from this court, and there had been sent with it a copy of the judgment to the county or city from which the appeal was taken, the lower court could vacate the judgment on which the one in this court was based. A judgment of this court is a lien on all the lands of the defendant in this state (2 *Poe, Pl. & Pr.* 377), and it would seem to be clear that if the lower court had the power to vacate its own judgment, it could not disturb that of the appellate court. It would therefore be a useless proceeding to permit it to be done, and in the absence of some statute, we must hold that it cannot be done."

The alleged ground for which the lower court was asked to strike down the judgment is the perjury of the witness Kezer, shown by his affidavit to that effect. This affidavit was made the basis for the appellant's motion for a reargument in this court in the case of *Rent-A-Car Co. v. Globe & Rutgers Fire Ins. Co.*, 163 Md. 401, 163 A. 702, where it was considered, and the motion denied, upon the authority of *Maryland Steel Co. v. Marney, supra; Wilmer v. Placide,* 127 Md. 339, 96 A. 621; *Pressler v. Pressler,* 134 Md. 243, 106 A. 686; *Tabeling v. Tabeling,* 157 Md. 429, 146 A. 389; *United States v. Throckmorton,* 98 U. S. 61, 25 L. Ed. 93; *Pico v. Cohn,* 91 Cal. 129, 25 P. 970, 27 P. 537; *Zeitlin v. Zeillin,* 202 Mass. 205, 88 N. E. 762; *Freeman on Judgments* (5th Ed.), p. 2582, sec. 1241, and note.

The trial court acted correctly in passing the orders appealed from, and same will be affirmed.

*Orders affirmed, with costs to the appellee.*