KOROTKI ET UX. *v.* SPRINGER ET UX.

[No. 40, September Term, 1958.]

*Decided November 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Arnold Fleischmann* and *David M. Blum,* with whom were *Abraham Levin* and *Smalkin, Hessian, Martin & Taylor* on the brief, for the appellants.

*Richard H. Lerch* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

The appellees brought a suit in equity to rescind the sale of a grocery store which they purchased from the appellants. A decree dismissing the bill was appealed to this Court and reversed. *Springer v. Korotki,* 215 Md. 310. The bill for rescission relied upon an alleged misrepresentation by Korotki as to the cash volume of sales prior to August 9, 1955, and breach of a warranty by Korotki that, during a test week

beginning on that date, sales made in the regular, normal and ordinary course of business would not be less than $650. The agreement contained an option to terminate for breach of the warranty. We found from a review of all the evidence that sales during the test week were abnormally high, and could hardly have reached the figure mentioned in the ordinary course of business. We also gave credence to the evidence that Korotki had puffed the sales, and concluded that the chancellor was clearly wrong. We reversed the decree and remanded the case "for further proceedings not inconsistent with this opinion."

Upon remand, the chancellor proceeded to ascertain the amount that should be refunded upon rescission, to put the parties *in statu quo*. He entered a decree rescinding the sale, ordering that the respondents pay the sum of $4,150 to the complainants and that the complainants assign their lease of the premises and be relieved of further liability thereunder. The appeal is from that decree, but no question is raised as to it. The sole contention is that the chancellor erred in declining, prior to the entry of the decree, to hear evidence proffered by the appellants, and alleged to have been newly discovered. The general effect of the proffer was to disprove the facts found by this Court on the previous appeal, to rebut and discredit the testimony of Springer and his witness, Joyner, and to show that Joyner had committed perjury and that Springer had attempted to suborn the perjury of another person, who did not testify. The appellants contend that the evidence proffered showed that the appellees had perpetrated a fraud, or attempted fraud, upon the court, in violation of the maxim of clean hands, and that the court was bound to hear it.

We find it unnecessary to review the proffer in detail, or to express any opinion as to whether the proffered evidence would, under any circumstances, require or justify a reversal of the decree appealed from. But see *Blondell v. Orem*, 201 Md. 138, 143. We think the chancellor was right in sustaining the objection to the proffer. The reversal of the prior decree by this Court adjudicated the issue as to the right to rescission and that becomes the law of the case. It left open

on remand only the question as to the relief that might be necessary or proper to effectuate that purpose. The cases on the subject are far from clear, but we think they support the proposition that after a judgment or decree is affirmed on appeal, the lower court may not entertain a motion to reopen, and the same rule applies to a reversal and remand for further proceedings, as to all matters decided by the appellate court. See *Pinkney v. Jay & Mason,* 12 Gill & J. 69; *McClellan v. Crook,* 7 Gill 333; *Young v. Frost,* 1 Md. 377; *Maryland Steel Co. v. Marney,* 91 Md. 360; *Winter's Executors v. Gittings,* 102 Md. 464; *United Rys. Co. v. Corbin,* 109 Md. 52; *Rent-A-Car Co. v. Fire Ins. Co.,* 166 Md. 447. We shall not review the cases in detail or attempt to harmonize them. See also notes, 139 A. L. R. 340, and 146 A. L. R. 1230.

Some of the cases intimate that something in the nature of a bill of review might lie for newly discovered evidence or perhaps for fraud, even after affirmance in whole or in part by this Court. We do not reach that question in the instant case, nor need we consider whether Rules 625 or 690 of the Maryland Rules are applicable to decrees entered after remand pursuant to the directions of this Court. Cf. *Hughes v. Hughes,* 216 Md. 374, 377. We leave these questions open. Rule 870 provides that upon affirmance or reversal of the judgment from which an appeal is taken the "decision of this Court shall be final and conclusive." See also sec. 15, Art. IV of the Maryland Constitution. Remand is dealt with in Rule 871, and there it is provided that "the order entered by this Court in remanding said case, and the opinion of this Court on which said order is passed, shall be conclusive as to the points finally decided thereby. In such an order remanding a case, this Court will express the purpose for so remanding and in its opinion filed with said order will determine all questions which may have been properly presented."

We hold that the chancellor properly declined to reopen the question as to the right to rescission, prior to the entry of the decree pursuant to the mandate from which appeal was taken in the instant case. .

*Decree affirmed, costs to be paid by the appellants.*