ED JACOBSEN, JR., INC. *v.* SAMUEL W. BARRICK, Assignee, et al.

[No. 124, September Term, 1968.]

508

*Decided March 4, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, FINAN and SINGLEY, JJ.

*J. Willard Nalls, Jr.,* for appellant.

*Samuel W. Barrick* for appellees.

MARBURY, J., delivered the opinion of the Court.

Property of the appellant, Ed Jacobsen, Jr., Inc. (Jacobsen), encumbered by a mortgage from Robert W. Russell, his wife Margaret T. Russell, and Jacobsen to Thomas J. Kiriakou and Alice L. Kiriakou securing a note payable to the Kiriakous and assigned to the appellee, Samuel W. Barrick, for the purpose of foreclosure, was purchased by the Kiriakous at a foreclosure sale after default had occurred under the terms of the mortgage. On March 12, 1968, the Circuit Court for Frederick County issued an order *nisi* which provided that said sale would be finally ratified and confirmed on the 5th day of April, 1968, unless cause to the contrary be shown before said date. The final order of ratification of sale was signed by Judge Schnauffer and filed at 11:00 a.m. on April 5, 1968. Later that same day Jacobsen filed an objection to the ratification of sale and the appellee Barrick responded with a motion *ne recipiatur*. Subsequently, Jacobsen filed a petition to revoke the order of ratification of sale and Barrick filed an answer. On April 29, 1968, the Circuit Court held a hearing at which it considered the motion *ne recipiatur*, the objection to the ratification of sale, the petition to revoke the ratification and the answer. At the conclusion of the hearing the court granted the motion *ne recipiatur* and refused to accept the appellant's petition. From this adverse ruling appellant has appealed. Appellant further noted an appeal from a June 5, 1968, order ratifying the auditor's report.

During the pendency of these appeals on July 5, 1968, the appellees Kiriakous obtained a deficiency decree against the appellant and the Russells in the amount of $108,498.57. On September 19, 1968, the appellees Kiriakous filed a petition for supplementary proceedings wherein Jacobsen was ordered to appear to give testimony under oath and to produce various books, accounts, papers and records. The appellant filed a motion to strike the order regarding the supplementary proceedings which the trial court overruled on October 3, 1968. On October 8, 1968, Jacobsen made a motion for the court to reconsider its October 3 action and the same day the court denied that motion. On October 10, 1968, appellant noted two further appeals, one from the order of October 3 denying the motion to strike

and one from the court order of October 8 denying the motion to reconsider.

On October 30, 1968, a hearing was held on the petition for supplementary proceedings, and the lower court passed an order subjecting certain property of the Montgomery Development Corporation (Montgomery) to the lien of the deficiency judgment. Appellant also noted an appeal from this order. Thus this Court must here consider five appeals in one record.

On appeal Jacobsen raises four issues:

1. Where an order *nisi* of the circuit court states that a sale would be ratified unless cause to the contrary be shown *before* a day certain and objections to the ratification of sale are filed *on* that day certain, may a motion *ne recipiatur* be granted solely on the grounds that the objections were filed too late?

2. May the circuit court in a hearing set for the purpose of determining whether a motion *ne recipiatur* made to the filing of objection to the ratification of sale also consider the objection to the ratification of the sale and a subsequently filed petition to revoke the ratification of sale without affording the appellant the right to produce evidence?

3. Whether after the appellant had noted an appeal to this Court from the order of the circuit court granting a motion *ne recipiatur,* the circuit court had jurisdiction to enter any further judgments or orders?

4. May the court pass an order subjecting to the lien of a deficiency decree property which is in the hands of a person other than the judgment debtor without giving that person the right to be heard by the court?

Considering appellant's first point, the order *nisi* in question was issued on March 12, 1968, on a printed form used by the Circuit Court for Frederick County. It was published on March 14, 21, 28, and April 4, 1968, in the Frederick News, a newspaper published in Frederick County, and provided that the court would act on final ratification unless cause to the contrary was shown *before* April 5, 1968. Despite the language of the

order the appellant claims that it had a right to show cause at any time *on* April 5, 1968.

Maryland Rule 324 a 2 states in part:

> "An order *nisi* means an order passed by the court or the clerk thereof stipulating that the action taken by the court shall become final unless cause be shown, on or before a date indicated therein, why such action should be modified or annulled . . . ."

Rule BR6 b 2 provides that after the filing of a report of sale of real property, the court may pass an order *nisi* stating that the sale will be ratified unless cause to the contrary be shown. It further states that a copy of such order shall be published in at least one newspaper published in the county in which the report of the sale is filed, and that "[t]he copy of such order shall be published at least once a week in each of three successive weeks before the expiration of one month from the date of said order." In light of the fact that the order *nisi* was advertised for four weeks, not just three as required by Rule BR6 b 2, giving ample notice of impending action by the court, and since the order clearly stated that any objections must be made before April 5, 1968, we cannot say that the lower court erred in granting the motion *ne recipiatur* on the ground that the objection was not timely filed. Although the published order *nisi* was not in the form literally prescribed by Rule 324 a 2, we think there was substantial compliance with the provisions of both of the rules cited above.

Secondly, the appellant argues that the court should have received its petition to revoke the order of ratification of sale, and afforded it a hearing with the right to produce evidence. This contention is also without merit. As we stated in *Hersh v. Allnutt,* 252 Md. 513, 250 A. 2d 629 quoting *Bachrach v. United Cooperative,* 181 Md. 315, 320, 29 A. 2d 822, 825: "So the law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." See *Watson v. Loan Corp.,* 176 Md. 36, 3 A. 2d 715.

Turning to the appellant's third point, it contends that the lower court had no jurisdiction to enter any further judgments or orders during the pendency of its appeal. As set out in *Cook v. Boehl,* 188 Md. 581, 592, 53 A. 2d 555, 560-61:

> "It is true that if an appellant desires to stay the execution or suspend the operation of a decree or order, he must give a bond to indemnify the appellee against all loss or injury which he may sustain by reason of the appeal and the stay of the execution or the operation of such decree or order."

Since the appellant did not file a supersedeas bond in accordance with Rule 817 c, it cannot complain about the execution proceedings which occurred after its first appeal was noted.

Finally, Jacobsen urges that the lower court could not pass an order subjecting the property of Montgomery to a lien as a result of the deficiency decree against the appellant without giving Montgomery a hearing. The order in question stated that the property was subject to the lien "with leave being hereby granted to Ed Jacobsen, Jr., Inc. and Montgomery Development Corp., or either of them, to move within thirty days from the date hereof for the rescission of this decree." Further the order provided for service on Montgomery. Neither party moved for rescission of the decree. Montgomery is not a party to these proceedings and we hold that the appellant has no standing to complain of this action.

Accordingly all of the orders appealed from must be affirmed.

*Orders affirmed. Costs to be paid by appellant.*