ARTHUR E. BUFFIN, JR., t/u/o State Farm
Mutual Automobile Insurance Company
*v.* FRANK A. HERNANDEZ, III

[No. 179, September Term, 1979.]

*Decided December 5, 1979.*

248

The cause was argued before MOYLAN, LOWE and MACDANIEL, JJ.

*B. Craig Wald,* with whom was *William C. Littleton* on the brief, for appellant.

*Judith C. Finn,* with whom was *Roger A. Perkins* on the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

This case involves the issue of whether a trial court has jurisdiction to modify its judgment after appellate review.

Frank A. Hernandez, III, the appellee, brought an action in the Circuit Court for Anne Arundel County against Arthur E. Buffin, Jr., the appellant, for damages resulting from an automobile accident. The appellant filed a counterclaim for damages from the same accident. On the morning of the trial, the appellee filed a Motion to Add Party Plaintiff or, in the Alternative, to Exclude Certain Proof. The motion sought to add the State Farm Mutual Automobile Insurance Company as a party to the extent that it had a subrogated interest in the damages claimed by Buffin. The trial judge declined to rule on the motion.

The jury returned verdicts in favor of Buffin and assessed his damages at $6,000. The appellee's Motion for a New Trial was denied, and judgment was entered on August 1, 1977. On August 29, 1977, the appellee filed both a Petition to Modify Judgment and a line to enter appeal. The motion said:

> "5. Unless the judgment is revised to show State Farm as a judgment creditor to the extent of its subrogated interest, the Counter-Defendant will be severely prejudiced in that he may be required to make payment of the property damage claim to both

> the Counter-Plaintiff, Arthur E. Buffin, Jr., and also to State Farm to the extent of its subrogated interest."

The trial judge did not act upon the motion to revise the judgment, and the appeal proceeded.

On July 19, 1978, this Court issued a per curiam opinion affirming the decision of the lower court. In that opinion we declined to address the issue of whether State Farm Mutual Automobile Insurance Company should have been included as a party. We said that, under Maryland Rule 1085, the issue had not been preserved for appellate review. A Motion for Reconsideration was denied, and the mandate issued on September 27, 1978.

Thereafter, the appellee sought a hearing below on his prior Petition to Modify Judgment (filed on August 29, 1977). The trial judge heard arguments on January 17, 1979, and he ruled that the trial court did have jurisdiction on the matter. In his Order, dated February 16, 1979, the trial judge modified his original judgment by entering a judgment in the amount of $1,182 against the appellee and in favor of Buffin to the use of State Farm Mutual Automobile Insurance Company, and a judgment in favor of Buffin individually for $4818.

In his oral opinion, the trial judge stated that he originally thought that the interests of the insurance company could be handled administratively but that it was not done. He intended, therefore, to correct the error then by modifying judgment. He said, with respect to jurisdiction of the trial court:

> "I do feel ... that the time of the filing is immaterial because I think it is well settled that when an appeal is taken the lower court is divested of jurisdiction and has, and anything it would act on at that time would be void because, as you know, jurisdiction is basic."

He added:

> " ... I think inherent powers of the court has a right to correct a mistake if there were one made. ... And

it also, as ably argued by you, that a court may revise its sentence even after thirty days for fraud or mistake and that mistake is limited to the court's mistake. So for those reasons the Court feels that it does have jurisdiction even under the inherent powers of the Court plus Rule 625."

Buffin now appeals the granting of the petition to modify judgment. He contends that the trial court did not, at the time of its modification of judgment, have jurisdiction to consider the petition. In support, he cites *Tiller v. Elfenbein,* 205 Md. 14 (1954). We agree with his contention.

Maryland Rule 625 a provides:

> *"Rule 625. Revisory Power of Court Over Judgment ... Gen'l.*
>
> a. Generally.
>
> For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity." [1]

In *Tiller v. Elfenbein, supra,* a case similar to, and yet different from, our own, the appellee filed a motion for reargument within 30 days of the entry of judgment. He also filed an appeal but dismissed the appeal before the motion for reargument was scheduled to be heard. The appellant then contended that, because an appeal had been filed earlier, the motion for reargument could not be heard. In answer to the appellant, the Court of Appeals said:

> "It is well established that the filing of a motion to strike, or for a rehearing, does not stay the time for appeal. *Maryland Lumber Co. v. Legum,* 197 Md. 483. . . . Ordinarily, the trial court's jurisdiction is ended upon the filing of an appeal. *Heath v. State,*

---

1. *See* § 6-408 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland for the codification of this rule.

198 Md. 455, 460; *Dietrich v. Anderson,* 185 Md. 103, 111. But it would appear from the cases touching the point that an *appellant is not put to an immediate election as between the motion and the appeal."* (Emphasis added.) 205 Md. at 19.

The Court then analyzed the previous cases bearing upon the problem, and it concluded:

> "We think that the principle announced in the *Avirett* and *United Railways* cases, that the mere filing of an appeal from the judgment does not strip the trial court of its revisory power in a proper case, is not shaken by the later cases. Although some of these cases were in equity, the problem is the same as in cases at law. But the later cases do establish the rule that if the appeal is still pending when the motion to strike the judgment comes on for hearing, the trial court lacks jurisdiction to entertain the motion, regardless of whether the motion is of the type that may be renewed or not.
>
> We think it is a sound policy that allows the trial court, despite an appeal, to *retain its control over the judgment for thirty days after its entry, and for such reasonable time thereafter as may serve the court's convenience in disposing of a motion seasonably made,* as contemplated by the Rules. On the other hand the *exercise of the court's power to act on the motion should not be stayed by the entry of an appeal, so as to work a postponement of the hearing of the motion,* any more than the filing of the motion should postpone the time for, or hearing of, the appeal, for this would be capable of abuse, as suggested. We hold that, unless the appeal is dismissed when the motion comes on for hearing, the appellant must elect between his motion and his appeal. If the appeal is dismissed before the hearing, as in the instant case, the motion stands for hearing as though no appeal has been entered." (Emphasis added.) 205 Md. at 21.

Later cases have followed the reasoning of the *Tiller* Court. *See Visnich v. Wash. Sub. San. Comm.,* 226 Md. 589, 590-91 (1961).

From the *Tiller* case, *supra,* it would appear that the law applicable to our own case is as follows. (1) Both a motion to modify judgment under Maryland Rule 625 a, and an appeal may be filed, within 30 days. A motion to modify judgment filed after 30 days, when the judgment has become enrolled, must allege "fraud, mistake or irregularity"; otherwise the trial court has no jurisdiction to hear the motion. (2) If a motion to modify judgment is filed within the 30-day period, it may be heard by the trial court for a "reasonable" time thereafter. This delay, which may extend beyond the date of enrollment of the judgment, is allowed, apparently, for the orderly processes of the court. It is, for example, frequently impossible to schedule an immediate hearing on a motion. (3) Where both a motion to modify judgment and an appeal are filed within 30 days, by the time set for the hearing on the motion, the proponent must elect between pursuing the motion and pursuing the appeal.

Applying the above principles to the present case, we hold that on January 17, 1979, the trial court did not have jurisdiction to hear the appellee's Petition to Modify Judgment.

We note, first, that the appellee's motion was properly filed within 30 days of judgment.[2] However, the trial court, to retain jurisdiction, had to act upon the motion within a reasonable time after it was filed. This was not done. The motion was not scheduled for a hearing until about 16 months later. This delay, without question, was longer than that necessitated by the orderly processes of court.

Apparently the trial judge felt that he should not schedule a hearing until after the appeal had been disposed of, and the appellee seems to have acquiesced. However, in Maryland a trial court no longer has jurisdiction to modify a judgment

---

2. Nowhere in the motion did the appellee allege "fraud, mistake, or irregularity." To the extent that the trial judge may have treated the appellee's motion as one alleging "fraud, mistake or irregularity," he was in error.

after it has been affirmed on appeal. *See Korotki v. Springer,* 218 Md. 191 (1958). In that case, after the decree had been reversed and remanded "for further proceedings not inconsistent with this opinion," the appellant attempted to have the decree stricken on the grounds that it had been obtained by "fraud." Without addressing the issue of what constitutes evidence of fraud, the Court of Appeals said:

> "The cases on the subject are far from clear, but we think they support the proposition that after a judgment or decree is affirmed on appeal, the lower court may not entertain a motion to reopen, and the same rule applies to a reversal and remand for further proceedings, as to all matters decided by the appellate court. See *Pinkney v. Jay & Mason,* 12 Gill & J. 69; *McClellan v. Crook,* 7 Gill 333; *Young v. Frost,* 1 Md. 377; *Maryland Steel Co. v. Marney,* 91 Md. 360; *Winter's Executors v. Gittings,* 102 Md. 464; *United Rys. Co. v. Corbin,* 109 Md. 52; *Rent-A-Car Co. v. Fire Ins. Co.,* 166 Md. 447. We shall not review the cases in detail or attempt to harmonize them. See also notes, 139 A.L.R. 340, and 146 A.L.R. 1230." 218 Md. at 194.

In partial explanation of the above result, the Court added:

> "Rule 870 provides that upon affirmance or reversal of the judgment from which an appeal is taken the 'decision of this Court shall be final and conclusive.' See also sec. 15, Art. IV of the Maryland Constitution. Remand is dealt with in Rule 871, and there it is provided that 'the order entered by this Court in remanding said case, and the opinion of this Court on which said order is passed, shall be conclusive as to the points finally decided thereby. In such an order remanding a case, this Court will express the purpose for so remanding and in its opinion filed with said order will determine all questions which may have been properly presented.' " 218 Md. at 194.

In *Rent-A-Car Co. v. Fire Ins. Co.,* 166 Md. 447 (1934), after the judgment had been affirmed on appeal, the appellant attempted to have the original judgment stricken on the grounds that it had been obtained by "fraud." The Court of Appeals said:

> "A sound public policy requires that there be an end of litigation between the same parties growing out of the same facts. In cases where there has been an adversary trial between the parties, a judgment rendered by the trial court, and that judgment affirmed by this court, without a remand for further proceedings, it is an end of that litigation and the trial court has no jurisdiction to strike out the judgment. *Maryland Steel Co. v. Marney,* 91 Md. 360, 46 A. 1077; *United Rwys. & Elec. Co. v. Corbin,* 109 Md. 52, 71 A. 131, 134. In the last-mentioned case, Chief Judge Boyd, speaking for the court, said: 'But we are of the opinion that an affirmance of a judgment at law by this court does preclude the court below from vacating the original judgment appealed from, unless it be a case which can be remanded after affirmance, and has actually been remanded for some further proceedings, if there be such a case. . . .' " 166 Md. at 449.

That Court also said, in explanation of the above rule:

> " . . . it would seem to be clear that if the lower court had the power to vacate its own judgment, it could not disturb that of the appellate court. It would therefore be a useless proceeding to permit it to be done, and in the absence of some statute, we must hold that it cannot be done." 166 Md. at 450.

The above rule that a judgment cannot be modified by a trial court after a conclusive decision has been made by an appellate court appears to apply even where "fraud, mistake or irregularity" is alleged as the reason for modification of judgment. Clearly, then, under no circumstances can there be modification of judgment by a trial court after the judgment

has been affirmed on appeal where the motion for modification of judgment was required to be filed within 30 days of the original judgment. As the above cases also make clear, where a decision has been affirmed on appeal, the trial court cannot modify its judgment even if the specific issue which is the basis for the modification was not addressed on appeal.

Although the above cases involved appeals to the Court of Appeals rather than the Court of Special Appeals, we hold that a trial court's jurisdiction, under Maryland Rule 625 a, to modify its judgment also ends where the Court of Special Appeals has ruled upon the case.[3] A trial court simply does not have jurisdiction to modify, in effect, the ruling of a higher court.

Therefore, we conclude that on January 17, 1979, the trial judge did not have jurisdiction to hear the appellee's petition to modify judgment. Because of our holding on this issue, we find it unnecessary to review the appellant's second contention.

> *Judgment as amended by the Circuit Court for Anne Arundel County vacated.*
> *Original judgment reinstated.*
> *Costs to be paid by appellee.*

---

**3.** We note that Maryland Rule 1070, which applies to the Court of Special Appeals and parallels Maryland Rule 870, does not contain the language, "The decision of this Court shall be final and conclusive." The reason for the omission obviously is that the Court of Appeals may review decisions of the Court of Special Appeals.