REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2029

September Term, 2013

BANK OF NEW YORK MELLON

v.

NAGACHANDRA M. NAGARAJ, ET AL.

Woodward,
Wright,
Graeff,

JJ.

Opinion by Graeff, J.

Filed: December 3, 2014

This is the second appeal relating to foreclosure proceedings on property owned by appellees, Nagachandra Nagaraj, Mysore Nagaraj, and Indra K. Nagaraj (the "Nagarajs"). Appellant, Bank of New York Mellon, appeals from an order of the Circuit Court for Montgomery County vacating a final ratification order of a foreclosure sale almost three years after the final ratification order was entered.

Bank of New York Mellon presents the following three questions for this Court's review:

1.      Did the trial court abuse its discretion by: (a) vacating an order that had been previously affirmed on appeal, and (b) vacating an order nearly three years after it was entered without a showing of fraud, mistake, or irregularity?

2.      Did the trial court disregard the principle of *res judicata* in vacating the [final ratification order]?

3.      Did the trial court improperly rule on an exception to a foreclosure sale that the appellee had already waived?

For the reasons that follow, we shall reverse the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

In this Court's prior unreported opinion, *Nagaraj v. Cohn*, No. 2338, Sept. Term, 2010 (filed Feb. 22, 2012), we set forth the factual background in this case, as follows:

> On April 25, 2007, Countrywide Home Loans Inc. ("Countrywide") loaned Nagachandra  $944,000, which was evidenced by a note ("Note"), to purchase 9208 Gladys Farm Way, Gaithersburg, Maryland ("the property"). That same day, appellants signed a deed of trust ("Deed of Trust"). Not long after, Nagachandra's loan was pooled into a trust ("Trust") owned by The Certificateholders, Chl Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8, Ate. The Bank of New York Mellon, f.k.a. The Bank of New York ("The Bank of New York Mellon") was the trustee ("Trustee"). When Nagachandra's loan was defaulted on, the Bank of

New York Mellon appointed appellees, Edward S. Cohn, Stephen N. Goldberg, Richard E. Solomon, and Richard J. Rogers, to act as substitute trustees and initiate foreclosure proceedings.

On December 28, 2009, appellees filed an "Order to Docket Foreclosure of Residential Property." Nagachandra filed a motion to postpone, requesting that the foreclosure sale scheduled for March 3, 2010 be postponed. Nagachandra posited that he would be out of town and would be unable to participate in the proceedings. The circuit court denied the motion. A notice of sale was subsequently published for three successive weeks. On August 16, 2010, a report of sale was filed. That same day, appellees, on behalf of The Bank of New York Melon [sic], filed a "Holder's Designation of Person to take Title Pursuant to [Md.] Rule 14-213." On September 17, 2010, a notice concerning the sale of the property was posted for three successive weeks.

On September 24, 2010, appellants filed exceptions to the ratification of the sale. Appellants asserted that the ratification should be denied because appellees failed to provide license numbers of the mortgage originator and the mortgage lender. Appellants also posited that the ratification should be denied because they submitted loan modification documents. Appellees opposed, arguing that the license numbers were listed on the order to docket the foreclosure; previous attempts at loan modification were unsuccessful; appellants failed to allege a defect in the conduct of the foreclosure sale; and the allegations proffered were required to be made before the sale.

On November 1, 2010, the circuit court held a hearing. At the hearing, appellants asked the court to grant the lender the opportunity to review the loan modification documents. Appellants also asserted that there was no "direct link" between the owner of the debt instrument and the original lender. Appellees objected, arguing that appellants did not allege the "direct link" argument in their motion. The circuit court sustained the objection. The circuit court then concluded that suspending the sale to review loan modification documents was not a sufficient basis for an exception.

(Footnotes omitted). On November 5, 2010, after denying the exceptions, the court entered the ratification order and confirmed the foreclosure sale.

The Nagarajs filed their first appeal to this Court, arguing that the order ratifying the

sale in the foreclosure proceeding was erroneous and should be vacated. They raised the

following three questions for our review:

1.    In a consent decree foreclosure action, may a party object to the jurisdiction of a court in a foreclosure action after the foreclosure sale occurs?

2.    Does the legislature have the constitutional authority to make an invalid deed of trust valid by retroactive, special litigation?

3.    Should the court below have been required to reasonably safeguard the underlying transaction before the foreclosure sale occurred to determine if the Trustees properly acquired the jurisdiction of the court since the Defendant was acting pro se?

We rejected these contentions and affirmed the judgment of the circuit court.

Although the foreclosure sale had been ratified and affirmed on appeal, the Nagarajs

remained in possession of the property. On July 8, 2013, the bank filed a motion for

possession of property pursuant to Md. Rule 14-102.[1]

On August 1, 2013, the Nagarajs filed a motion to vacate the ratification of trustee's

sale, asserting that the sale was contrary to public policy, as enunciated in *Maddox v. Cohn*,

424 Md. 379 (2012), which was decided more than a year after the sale in this case was

_____

[1] Maryland Rule 14-102(a)(1) provides as follows:

If the purchaser of an interest in real property at a sale conducted pursuant to the Rules in this Title is entitled to possession and the person in actual possession fails or refuses to deliver possession, the purchaser or a successor in interest who claims the right of immediate possession may file a motion for judgment awarding possession of the property.

ratified.[2]  The Nagarajs asserted that: (1) the trustees "committed an impermissible abuse of discretion" by including in the advertisement "a demand for additional legal fees for the benefit of the Trustees"; (2) the sale was prejudicial to the Nagarajs because it violated the trustees' duty to maximize proceeds of sale; and (3) because of the resulting lower sales price, the Nagarajs had to pay more for the deficiency between the sales price and the amount owed on the loan.[3]  They stated that the "only way to cure the injustice committed in this case is to vacate ratification of the sale, re-advertize and resell the property."

Bank of New York Mellon filed an opposition to the Nagarajs' motion to vacate ratification, asserting that the Nagarajs did not raise any issue of "improper advertisement" in the prior appeal to this Court, but rather, they waited to raise the issue for the first time "almost three years after the date of the foreclosure sale and after the order ratifying the foreclosure sale was entered."  The bank argued that, because the Nagarajs failed to raise the

---

[2] In *Maddox v. Cohn*, 424 Md. 379, 381 (2012), the trustees included in the advertisement of sale an additional condition, that any successful purchaser at the foreclosure sale would be required to pay the legal fees of attorneys conducting the foreclosure proceeding, which would not be subject to court review or audit. *Id.*  The property was acquired by the lender; and therefore, the fee included in the advertisement was unlikely to have been paid. *Id.* at 381-82.  Prior to ratification of the sale, the homeowner argued that the imposition of a fee not provided for by the Maryland Rules or local rule and not subject to audit was improper and caused the sale to be unfair. *Id.* at 382.  The Court of Appeals agreed, holding that it was "an impermissible abuse of discretion for trustees or the lenders who 'bid in' properties" to include these fees because it was "contrary to the duty of trustees to maximize the proceeds of the sales." *Id.* at 399-400.

[3] Attached to the motion was the advertisement, which provided, in relevant part: "Purchaser agrees to pay to the Sellers' attorneys at settlement, a fee of $295.00 for review of the settlement documents."

*Maddox* claim within 30 days of ratification, the ratification was an enrolled judgment, and the court could exercise revisory power over the judgment only in the case of fraud, mistake, or irregularity, which the Nagarajs had not shown. Moreover, Bank of New York Mellon stated that it would be impossible, and against public policy, to reverse all foreclosure sales that occurred prior to the *Maddox* decision where the advertisement contained a demand for additional legal fees. In any event, it asserted that this case differed procedurally from *Maddox*, as *Maddox* dealt with invalidating the foreclosure sale based on the trustees' advertisement of additional legal fees prior to the ratification of sale.

On September 9, 2013, the court held a hearing. The court asked counsel for Bank of New York Mellon why *Maddox* did not apply, stating that the notice in this case "was virtually identical to that in" *Maddox*. Counsel responded that *Maddox* differed because there, unlike in this case, the sale was not ratified. Counsel argued further that the Nagarajs did not raise the *Maddox* issue earlier, and because this Court affirmed the ratification of sale, *res judicata* applied.

Counsel for the Nagarajs acknowledged that the *Maddox* issue had not been raised, but counsel asserted that was not a bar to raising it at that time, given "the irreparable harm that the [Nagarajs] would suffer." Counsel argued that "to do justice in this case is to . . . vacate their ratification and to order resale of the property so that it can be properly advertised and sold."

After hearing arguments, the court vacated the ratification sale. It noted that the Court

of Appeals did not "hang[] its hat on" the fact that the sale was not ratified in *Maddox*, and

it stated:

> And this is what worries me about the arguments, and while I don't disagree that there's been some delay here of the defendant's pursuing this, the last paragraph of that opinion is this, "We hold that in the absence of specific authority in the contract of indebtedness or contained in statute or court rule it is [an] impermissible [abuse of] discretion for trustees or the lenders who bid in properties to include the demand for additional legal fees for the benefit of the trustees in the advertisement of sale, or in any other way, that it is contrary to the duty of trustees to maximize the proceeds of the sales and more over is not in conformance with state or local rules and as we have said is against public policy."
>
> I think if it's against public policy, it's against public policy all the time. So I think given the very strong language in *Maddox* written by a former member of the Court of Appeals who was not widely known for his sympathy to debtors, I'm not going to grant the order granting possession of the property. I'm going to deny it.
>
>                                          \*\*\*
>
> . . . I'll vacate the ratification sale.

Accordingly, the court issued orders vacating the ratification of trustees' sale and denying

Bank of New York Mellon's motion for judgment of possession.

On September 23, 2013, the bank filed a motion for reconsideration, requesting that

the court deny the Nagarajs' motion to vacate and grant its motion for possession. In support,

it argued that: (1) the Nagarajs' "collateral attacks" on the ratification of sale, affirmed by

this Court, were barred by *res judicata*, and because the Nagarajs failed to allege fraud or

illegality, they could not defeat "the *res judicata* effect of the ratification"; (2) the Nagarajs

failed to contest the foreclosure sale; and (3) *Maddox* did not support the court's conclusion

because *Maddox* was distinguishable, and "it would be contrary to public policy to apply the holding in *Maddox* retroactively to post-ratification cases . . . or to foreclosure sales advertised prior to *Maddox*."

On October 28, 2013, the court denied the motion. This appeal followed.

## DISCUSSION

## I.

### Parties' Contentions

Bank of New York Mellon argues that the circuit court abused its discretion in vacating the ratification order of foreclosure sale "nearly three years after it was entered." It makes several arguments in support of that contention.

First, it argues that the circuit court had no authority to vacate the judgment. It asserts that, after a judgment has been affirmed on appeal, as was the ratification order in this case, a trial court no longer has jurisdiction to modify the judgment. Second, the Bank of New York Mellon contends that, once the foreclosure sale was ratified, the validity of the sale could be challenged only upon a showing that the judgment was entered as a result of fraud, mistake, or irregularity, which the Nagarajs failed to do. Third, it argues that, pursuant to Md. Rule 14-305, the Nagarajs waived any right to "object to the advertisement of sale or to the statement of attorneys' fees contained therein" because it failed to assert any objection prior to the ratification of the sale. Accordingly, the Bank of New York Mellon asserts that

the circuit court improperly revised the judgment, and this Court should reinstate the ratification of the foreclosure sale.

The Nagarajs contend that the circuit court properly vacated the ratification order of foreclosure sale. They contend that the circuit court properly determined that the "prior decision on appeal would work a manifest injustice due to the appellant's failure to follow Maryland procedures" set forth in *Maddox*. Furthermore, they assert that the court "correctly determined that the improper conduct of the Trustees would, as set forth in *Maddox*, impact the foreclosure sales price" in this case, and therefore, the court "had an obligation to make sure that the foreclosure sale was done in accordance with all of the laws of the State of Maryland, not just the ones previously raised."

As explained below, we agree with the Bank of New York Mellon that the circuit court erred in vacating the ratification of the foreclosure sale. This is so for two reasons.

First, this Court previously has made clear that "'the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings.'" *Manigan v. Burson*, 160 Md. App. 114, 120 (2004) (quoting *Ed Jacobsen, Jr., Inc. v. Barrick*, 252 Md. 507, 511 (1969)). The rationale behind this rule is as follows:

> "Sound public policy requires that no person shall in a judicial proceeding be deprived of a right or charged with a default until he has been given a full and free opportunity of being heard in respect thereto, but the complement of that rule is that where one is given that opportunity, and elects to stand mute and allow the decision to go against him without protest or objection, that he is bound by it. There must of necessity be some end of

-8-

litigation. The state can do no more than give the litigant 'a day in court'; if he does not utilize it but suffers the decision to go against him by default, he is as conclusively and finally bound by it, as though he had actively contested it."

*Id.* (quoting *Moss v. Annapolis Sav. Inst.*, 177 Md. 135, 143 (1939)).

Here, appellants had the opportunity to raise objections to the inclusion of fees in the advertisement of sale in exceptions to the sale order, but they did not do so.[4] Principles of *res judicata* provide that "'a judgment between the same parties or their privies upon the same cause of action is conclusive not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit.'" *Chaires v. Chevy Chase Bank, F.S.B.*, 131 Md. App. 64, 75 (quoting *FWB Bank v. Richman*, 354 Md. 472, 493 (1999)), *cert. denied*, 359 Md. 334 (2000) (some quotations omitted). Thus, after final ratification of the foreclosure sale, the trial court was authorized to review the validity of the sale only upon a finding of fraud, mistake or irregularity. *Manigan*, 160 Md. App. at 120. *See* Md. Rule 2-535(b) ("On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.").

The circuit court here made no finding of fraud, mistake, or irregularity. Instead, it granted the motion to vacate based solely on the Court of Appeals' decision in *Maddox*. In

---

[4] Although the *Maddox* opinion issued after the sale was ratified, there was nothing preventing the Nagarajs from raising in this case the issue raised in that case. As the Court of Appeals subsequently made clear, "*Maddox* did not declare a new principle of law." *101 Geneva LLC v. Wynn*, 435 Md. 233, 251 n.14 (2013).

so ruling, the court erred because the Nagarajs claims were barred by principles of *res judicata*.

Second, the circuit court had no authority to vacate the foreclosure sale here because this Court had already affirmed the ratification of foreclosure sale. In Maryland, "a trial court no longer has jurisdiction to modify a judgment after it has been affirmed on appeal." *Buffin v. Hernandez*, 44 Md. App. 247, 252-53 (1979). As this Court explained:

> "A sound public policy requires that there be an end of litigation between the same parties growing out of the same facts. In cases where there has been an adversary trial between the parties, a judgment rendered by the trial court, and that judgment affirmed by this court, without a remand for further proceedings, it is an end of that litigation, and the trial court has no jurisdiction to strike out the judgment."

*Id.* at 254 (quoting *Rent-A-Car Co. v. Globe & Rutgers Fire Ins. Co.*, 166 Md. 447, 449 (1934)). This rule, that a judgment cannot be revised after a decision by the appellate court, applies even where the ground raised was not addressed on appeal and where "fraud, mistake or irregularity is alleged." *Id.* at 254-55.

Accordingly, because the foreclosure sale had been ratified, and this Court had already affirmed the ratification of the foreclosure sale, the circuit court was precluded from revisiting the validity of the sale. The circuit court erred in granting the motion to vacate the

ratification of foreclosure sale, as well as denying the motion for possession of property in light of that ruling.

> **JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEES.**

-11-