## LEWIS *v.* LEWIS

[No. 173, September Term, 1958.]
(Two Appeals In One Record)

*Decided March 17, 1959.*

The cause was argued before HENDERSON, HAMMOND,

PRESCOTT and HORNEY, JJ., and DIGGES, Associate Judge of the Seventh Judicial Circuit, specially assigned.

*E. W. Mollohan, Jr.,* with whom was *Arthur C. Elgin* on the brief, for James B. Lewis, appellant and cross-appellee.

*Jackson Brodsky,* with whom was *Milford F. Schwartz* on the brief, for Ruth B. Lewis, appellee and cross-appellant.

HENDERSON, J., delivered the opinion of the Court.

On March 7, 1956, a husband sued for divorce *a vinculo* on the ground of voluntary separation in December, 1952. The wife answered, denying that the separation was voluntary, alleging that the husband deserted her on the date mentioned, and praying alimony. On May 15, 1956, the Chancellor passed an order awarding alimony *pendente lite* of $250 per month. On January 28, 1958, the wife filed a cross-bill for divorce *a mensa* on the ground of desertion, praying alimony. After hearing, the Chancellor on July 25, 1958, dismissed the original bill, granted the wife a divorce *a mensa,* and ordered payment of permanent alimony in the amount of $500 per month, and a counsel fee of $1,000. The husband appealed on August 22, 1958, and the wife filed a cross-appeal on August 25, 1958, contending that the Chancellor should have allowed alimony of $1,000 per month.

Subsequently, upon a show cause order to compel payment of the alimony order, the appellant petitioned the court to modify the order for permanent alimony pending the appeal and to reinstate the order for alimony *pendente lite* in the lesser amount. The Chancellor declined to do so, but there was no appeal from that order. The appellant contends that the court erred in so ruling. If we assume, without deciding, that the point is properly before us, we find no error. It would seem that the previous order for alimony *pendente lite,* passed more than two years before the final order, was superseded by the final decree. Cf. *Rethorst v. Rethorst,* 214 Md. 1, 15. The Chancellor properly made a redetermination of the amount necessary for the wife's needs, in the light of the financial status of the parties at the time of the final decree.

It is well settled that the entry of an appeal from a final decree does not stay the operation of an order for the payment of alimony. *Berman v. Berman,* 191 Md. 699, 706; *Daiger v. Daiger,* 154 Md. 501, 508. A wife is entitled to the continuance of alimony during the pendency of an appeal to this Court and until its final disposition. The Chancellor has jurisdiction to consider modification of the award, despite an appeal. *Hornstein v. Hornstein,* 195 Md. 627, 638; *Dougherty v. Dougherty,* 187 Md. 21, 33. Ordinarily, that would only be appropriate where there is a change in financial status. *Hughes v. Hughes,* 216 Md. 374, 377. We find no abuse of discretion in his failure to modify the award.

The appellant filed in this Court a motion to dismiss the cross-appeal on the ground that the wife is barred by estoppel or waiver from claiming an amount larger than that awarded, because she accepted the payments ordered. We reserved ruling on the motion. We assumed in *Brennecke v. Brennecke,* 213 Md. 447, that a cross-appeal would lie challenging the sufficiency of a counsel fee, although the point was not raised. Some support for the contention is found in *Silverberg v. Silverberg,* 148 Md. 682, 689. But we are unwilling to follow the reasoning of that case that the appeal involved splitting the decree and attempting both to accept and reject its terms. The cross-appellant could not contest that portion of the decree that was in her favor. Cf. *Riley v. Naylor,* 179 Md. 1, 8; *Inter-City Co. v. Balto. County,* 218 Md. 80, 85. Moreover, in the *Silverberg* case the decree set aside a deed from the husband to third parties and granted benefits to the wife over and above an award of alimony.

There is a split of authority on the point in the cases in other States. Some of them are distinguishable on the facts and involved property settlements and releases by the wife. In *Harris v. Harris,* 89 F. 2d 829 (D. C.), the court held that the wife was barred, but stated that she would have been entitled to a new award of alimony *pendente lite,* pending appeal. We find no support for such a distinction in the Maryland cases. Cf. *Nicodemus v. Nicodemus,* 186 Md. 659, 668, (modified as to the power to stay by *Berman v. Berman,*

*supra*). The Chancellor in the instant case made a redetermination as to the amount necessary for the wife's support pending the appeal as well as thereafter. The rule is stated in general terms in *Moorman v. Moorman*, 129 N. W. 13 (Mich.), in 2 Am. Jur., *Appeal and Error*, § 219, and in 27 C. J. S., *Divorce*, § 284, note 13, but it has been repudiated or greatly restricted in other cases. See *Meyer v. Meyer*, 77 N. W. 2d 559 (S. D.); *Hundley v. Hundley*, 291 S. W. 2d 544 (Ky.); *McWilliams v. McWilliams*, 112 So. 318, 322 (Ala.); note, 169 A. L. R. 985, 999; Nelson, *Divorce & Annulment* (2d ed.), § 30.03.

We have had occasion to consider the same problem in Workmen's Compensation cases. See *Bethlehem Steel Co. v. Mayo*, 168 Md. 410; *Petillo v. Stein*, 184 Md. 644, 649; cf. *Smith v. Revere Copper & Brass*, 196 Md. 160, 166. It was stated in the *Mayo* case that, if applicable at all, the rule would not apply where the right to the benefit received was not contested by appeal of the opposite party. In the *Petillo* case it was held inapplicable where both parties appealed. Chief Judge Marbury, for the Court, noted that the cases cannot be reconciled on the theory of estoppel or waiver, and seem to be based on a supposed requirement of election of remedies. It was further noted that it is generally held that the doctrine is a severe one and should not be extended. We hold that, if applicable at all in a divorce case, the bar cannot be raised where the benefits accruing to the wife, by reason of the award, provide necessary support until the final adjudication of the case. The motion to dismiss the cross-appeal is denied.

Upon the merits of the case, we think the Chancellor was not clearly wrong in finding that the husband's departure was not in fact a voluntary separation, but was a desertion on his part. The parties were married in 1943, and there were no children of the marriage. In 1950, they purchased and moved into a house in Chevy Chase. Marital difficulties came to a head in September, 1951, and in the course of a conversation he admitted that he was "attracted to" or "enamoured of" another woman. The wife testified, he denied, that he told her he had had sexual relations with this woman

and wanted to marry her. She moved to a separate bedroom, and both parties admit that sexual relations were discontinued. The husband moved out of the house in December, 1952. She testified, he denied, that she told her husband he could come back, if he gave up living with the other woman. He made no efforts towards reconciliation. The Chancellor found that the husband had not sustained the burden of proving that the separation was voluntary, and had not produced any corroborating evidence. He found that the wife was justified in moving into another room under the circumstances, and was not guilty of constructive desertion. Support for these legal conclusions is to be found in the cases of *Moran v. Moran,* 219 Md. 399; *Matysek v. Matysek,* 212 Md. 44; *Misner v. Misner,* 211 Md. 398; *Mower v. Mower,* 209 Md. 413; *Zimmerman v. Zimmerman,* 199 Md. 176; and *Timanus v. Timanus,* 177 Md. 686. It is clear that when he left the home he had made up his mind never to return.

On the question of alimony and counsel fees, the record shows that the husband, a lawyer, was employed until April, 1953, by the Internal Revenue Service, in Washington, at a salary of about $10,000 a year. Thereafter, he joined a New York law firm, and his earnings steadily increased. In 1957, his gross earnings were about $48,000. The wife had worked as a secretary prior to her marriage, and resumed her employment in 1952. In 1957 her gross earnings were about $5,500 a year. She has been occupying the marital home, which is owned as tenants by the entireties. The appellant contends that the allowance of $500 a month alimony is excessive and beyond her needs. We do not agree. The argument seems to be that the Chancellor should have allowed alimony on the basis of the husband's earnings at the time of the separation, but no authority is cited for the proposition, and the practice has been to award alimony on the basis of the situation at the time of trial. See *Lopez v. Lopez,* 206 Md. 509, 520, and *Rosenthal v. Rosenthal,* 202 Md. 375, 382. It is always subject to revision in the light of changed circumstances. We find no basis, in fact or in law, for the contention that the alimony was excessive because the wife discouraged or disapproved the husband's plans to enter private practice prior

to the separation. On the other hand, we think the Chancellor did not abuse his discretion in disallowing the wife's claim for alimony at the rate of $1,000 per month.

*Decree affirmed, costs to be paid by the appellant.*