## VISNICH ET VIR *v.* WASHINGTON SUBURBAN SANITARY COMMISSION

[No. 110, September Term, 1961.]

(Two Appeals In One Record)

*Decided November 7, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Thomas M. Anderson, Jr.,* for appellants.

*J. Lloyd Niles,* for appellee.

PER CURIAM.

The appellants (Virginia K. Casey Visnich et vir), having

appealed from an order denying allowance of expenses allegedly incurred by them in a condemnation proceeding that had been dismissed without prejudice after trial had begun, thereafter filed (within the time limited by Maryland Rule 625) a motion for a reconsideration of the order appealed from. In due course, the motion for reconsideration came on for hearing before the trial court while the appeal was still pending and was overruled. Whereupon, the appellee (Washington Suburban Sanitary Commission), relying on *Tiller v. Elfenbein,* 205 Md. 14, filed in this Court a motion to dismiss the appeal on the ground that the action of the appellants, in electing to proceed with the hearing on the motion for reconsideration, constituted a waiver or abandonment of the appeal. The motion to dismiss, upon the order of this Court pursuant to Rule 837, was heard in advance of argument on the merits. The only question posed by the motion to dismiss is whether the trial court erred in hearing the motion for reconsideration while the appeal was still pending. We think the court lacked authority to entertain the motion under the circumstances.

In *Avirett v. State,* 76 Md. 510, it was stated that if upon the entry of an appeal a trial court is without authority to hear a motion to strike out a judgment, then, instead of the appeal having been waived or abandoned by a hearing of the motion, the motion was prematurely and improvidently heard. In other cases, such as *United Rys. Co. v. Corbin,* 109 Md. 52, and *Giles v. DiRobbio,* 186 Md. 258, it was held that a trial court lacked authority to hear a motion to strike out a judgment if an appeal had been entered and was still pending when the motion came on for hearing. And in the *Tiller* case, *supra,* in which the appeal had been dismissed before the motion to strike out the judgment came on for hearing, though stating that the mere filing of an appeal did not strip the trial court of its revisory power in a proper case, we confirmed our prior holdings to the effect that the trial court lacks authority to entertain a motion to revise a judgment if an appeal is pending, and further stated that unless the appeal is dismissed when the motion to revise the judgment appealed from comes on for hearing, the appellant must elect between

his motion and his appeal. But the holding in *Tiller* was to the effect that it was proper to hear the motion to strike because the movant had made an election by dismissing the appeal before the motion came on for hearing. Here, although the appellants could have dismissed their appeal, or the trial court could have required them to elect between going forward with the appeal or having the motion heard, neither of these courses was followed. Therefore, the trial court was without authority to hear the motion for reconsideration.

*Motion to dismiss appeal denied.*