CHARLES WAYNE LINK *v.* ALICE PAIGE LINK

[No. 947, September Term, 1976.]

*Decided April 15, 1977.*

The cause was argued before MENCHINE, DAVIDSON and LOWE, JJ.

*Richard A. James* for appellant.

*Thomas M. Schifanelli* for appellee.

LOWE, J., delivered the opinion of the Court.

In the Circuit Court for Calvert County, by decree dated August 11, 1976, appellee was granted a divorce *a mensa et thoro* from appellant, on the ground of desertion. The decree

also awarded appellee custody and guardianship of the parties' minor child subject to appellant's specified visitation rights, forty dollars a week in alimony, eighty dollars a week as contribution toward the support of the child, and one thousand dollars in counsel fees. An appeal was noted on September 1, 1976.

On September 7, 1976 appellee filed a petition for contempt for nonpayment of alimony and counsel fees. Appellant was denied a continuance on September 28 and denied a removal on October 1, 1976. At a hearing held on October 11, 1976, neither appellant nor his counsel appeared. Appellee's testimony clearly showed that little of the alimony and none of the counsel's fee had been paid. On October 20 the court entered judgment for the deficiency and ordered the clerk to issue an attachment for the apprehension of the respondent on the citation for contempt.[1] An appeal was noted on October 29, 1976.

Appellant raises seven assignments of error upon appeal, four of which pertain to the August 11 decree and three of which relate to the October 20 decree. We will respond first to the issues relating to the contempt decree and save for last those concerned primarily with sufficiency of the evidence in the divorce proceeding.

## THE CONTEMPT PROCEEDING

Appellant contends that the October 20 decree is erroneous for three reasons. Initially he challenges the lower court's jurisdiction to entertain the petition for contempt and arrearages on the ground that, once an appeal is noted, the court is without jurisdiction to take any futher action in the case. Next he argues that his motion for removal should have been granted. Finally, he asserts that Subtitle P of the Maryland Rules was not complied with in that his appearance at the contempt hearing was never ordered.

---

1. The chancellor made no finding of contempt. In fact, he expressly struck from the prepared order a phrase indicating such finding.

### Jurisdiction Pending Appeal

Appellant's argument is based upon the theory that once an appeal has been noted the lower court is without jurisdiction to take any further action in the case until the appeal is decided, and that the court below was thus without jurisdiction to find him in contempt for violating the decree which was being appealed. The general rule, indeed, is that the noting of an appeal divests the lower court of jurisdiction to proceed with regard to the issue appealed. See, *e.g., Lang v. Catterton,* 267 Md. 268; *Visnich v. Wash. Sub. San. Comm.,* 226 Md. 589; *Collier v. Collier,* 182 Md. 82. But like all rules, it is not without its exceptions. While there appears to be no Maryland decision squarely on the issue here, a number of cases are so closely related that it is apparent the chancellor had jurisdiction to pass the October 20 decree. Presumably the lack of direct authority derives from the generally understood premise upon which we hold jurisdiction to be founded, *i.e.,* the inherent authority of a court to enforce its decrees subject only to an express stay.

Because the wife has long been regarded as a privileged suitor in domestic relations actions, Maryland cases have uniformly held that a divorce court has jurisdiction to entertain her petition for alimony, child support and counsel fees, even though her petition is filed after an appeal from the grant or denial of a divorce has been noted. See, *e.g., Rohrback v. Rohrback,* 75 Md. 317; *Buckner v. Buckner,* 118 Md. 263; *Crane v. Crane,* 128 Md. 214; *Sterling v. Sterling,* 145 Md. 631; *Daiger v. Daiger,* 154 Md. 501; *Timanus v. Timanus,* 178 Md. 640; *Saltzgaver v. Saltzgaver,* 182 Md. 624; *Dougherty v. Dougherty,* 187 Md. 21; *Rhoderick v. Rhoderick,* 257 Md. 354; *Jackson v. Jackson,* 272 Md. 107. Furthermore, the chancellor retains jurisdiction to modify alimony even after an appeal has been taken. *Lewis v. Lewis,* 219 Md. 313; *Hornstein v. Hornstein,* 195 Md. 627.

The two cases most closely akin to the issue of whether the chancellor had jurisdiction to compel appellant to pay the alimony, support and counsel fee arrearages even after an appeal has been noted are *Lewis v. Lewis, supra,* from

the Court of Appeals and *Garland v. Garland,* 22 Md. App. 80, *cert. denied,* 272 Md. 741, both dealing with modification of alimony.

In *Lewis,* the wife was granted a divorce, alimony and counsel fees, and both parties appealed. Subsequently, upon a show cause order to compel payment of the alimony, appellant petitioned the lower court to modify the order of alimony. The Court primarily addressed areas not here relevant. The only discussion of the show cause or modification proceedings upon appeal was with regard to the chancellor's refusal to modify the alimony. 219 Md. at 315-316. In addressing that question hypothetically (since there was no appeal from the order) the Court noted that although the chancellor had jurisdiction to modify the decree his refusal to do so was not an abuse of discretion. In order to reach its jurisdictional conclusion, the Court set forth a foundation which is most meaningful here:

> "It is well settled that the entry of an appeal from a final decree does not stay the operation of an order for the payment of alimony. *Berman v. Berman,* 191 Md. 699, 706; *Daiger v. Daiger,* 154 Md. 501, 508. A wife is entitled to the continuance of alimony during the pendency of an appeal to this Court and until its final disposition." *Id.* at 316.

The Court of Appeals seems to have endorsed the chancellor's jurisdiction not only to modify its decrees but, by implication, to enforce its decrees as well, since its operation is not stayed by the appeal.[2]

We find it significant that the Rules of Procedure relating to appeals only permit a stay of execution of judgment in expressly delineated areas (none of which include alimony or divorce), or when a trial judge expressly stays execution as by setting a supersedeas bond. Md. Rules 1016-1021. It seems

---

2. In Garland v. Garland, supra, we followed the same pattern. The wife there was awarded a divorce, alimony, child support and counsel fees. The husband appealed. While the appeal was pending, the wife filed a petition for contempt and modification of the divorce decree. The relief prayed was granted. We held that the trial court had jurisdiction to modify support payments pending appeal. 22 Md. App. at 85.

clear that by promulgating this method of staying execution of judgments and decrees, the Court of Appeals did so in recognition of the fact that judgments must be obeyed despite appeal unless some authority and procedure is propounded to stay them. See *Marsh v. State*, 22 Md. App. 173, 184-185 and cases cited therein. It follows that if judgments must be obeyed despite an appeal, the court necessarily retains an inherent power to enforce them and, in light of *Lewis*, that is especially clear as to alimony awards. The foundation of the privileged suitor status of the wife is to raise her pecuniary posture as litigant in domestic cases from an inpecunious supplicant to one of equal status with her husband. This could not be the result on appeal if the alimony and counsel fee awards were not enforceable pending the result.

We see no basis upon which to conclude that the chancellor in the case at bar exceeded his jurisdiction. If a court is allowed to award and modify alimony, child support and counsel fees pending an appeal, there is no reason why it cannot enforce its decree. See *Lewis v. Lewis, supra.*

### Removal

Because the chancellor had remarked in the original hearing that if appellant did not make the payments directed by the court he would go to jail, appellant sought removal of the contempt hearing from Calvert County, filing an affidavit to the effect that he could not obtain a fair trial from the chancellor in that county.

The short answer to this question, as recognized by the chancellor, is that there is no right of removal in equity. *Olson v. Love*, 234 Md. 503, 504. Even if the petition had been to recuse the judge for prejudice, the grounds offered were too absurd to warrant a reply to that "might have been" question.

### The "P Rules"

Appellant also complains that a writ of attachment may not be issued without the defendant having been ordered to appear personally for the contempt proceeding. Md. Rule P4,

§ b. The record clearly reflects that the appellant was ordered on September 8, 1976 to show cause on or before October 1, 1976 why the relief prayed in the petition for contempt should not be granted. The petition, incorporated by reference into the decree, set forth the award by decree against appellant and alleged appellant's nonpayment. It was also ordered that the cause stand for hearing on October 11, 1976 at 9:00 a.m. That is in compliance with Md. Rule P4, § b. There being no contention on appeal of improper service, appellant has no cause to complain because the ensuing hearing was *ex parte.* Md. Rule P4, § c.

## THE DIVORCE PROCEEDING

### Sufficiency of the Evidence

Appellant contends that the evidence is insufficient to support the chancellor's finding either that appellant abandoned his spouse or that he had the intention of deserting her, two elements essential to the proof of desertion sufficient to sustain a grant of an *a mensa* divorce on the ground at issue. See *Fuller v. Fuller,* 249 Md. 28, 30-31. We disagree. There is ample testimony in the record from which the chancellor could have concluded that appellant unjustifiably abandoned appellee in July 1975 with the intention of deserting her and that the one subsequent incident of sexual relations between the parties was coerced and did not amount to condonation. The chancellor's findings of fact were not clearly erroneous in view of the evidence. Md. Rule 1086.

For future guidance, we point out to counsel that upon questions raising the insufficiency of the evidence, the appellant must provide in the record extract the evidence favorable to appellee relevant to the sufficiency issues as well as that favorable to himself, and the appeal is subject to dismissal if only evidence favorable to appellant is included. Md. Rule 1028; *Gmurek v. Kajder,* 203 Md. 437; *Sunshine Laundry Corp. v. White,* 197 Md. 582.

## Alimony and Support

The second and third assignments of error are also directed to portions of the decree which we can reverse only if we find the chancellor to have been in clear error. Md. Rule 1086. Appellant argues that the award of alimony, child support and counsel fees were erroneous because appellee failed to prove that her income was insufficient to care for her needs and the needs of the child, and because he cannot afford the amounts required of him. We again disagree. A review of the record reveals ample evidence of the appellee's need for the sums awarded. See Md. Code, Art. 16, §§ 5, 5A. The chancellor found as a fact that appellant was in good physical condition, had a good earning capacity and could earn up to $22,000 a year if he chose to exercise it. He also found that his conduct had destroyed the home. These are all factors to be considered in addition to the appellee's need. *Waters v. Waters,* 191 Md. 436, 440-441; *Birdsall v. Birdsall,* 23 Md. App. 502, 513-514.

Appellant argues that *Sody v. Sody,* 32 Md. App. 644, stands for the proposition that the husband is not obliged to make payments which exceed his actual resources. That case, however, like many others, merely holds that the husband's resource is one factor, among others, to be considered. On the other hand, it is settled that a husband cannot voluntarily impoverish himself to avoid paying alimony, and that his overall financial potential, not his current income, is controlling. *Colburn v. Colburn,* 15 Md. App. 503, 515-516. The court could have so concluded from the testimony. We hold that the chancellor was not clearly wrong in awarding the amounts at issue.

## Visitation

Appellant's last complaint is that the chancellor in effect denied the natural father visitation with his minor child. That contention is not borne out by the decree which allows appellant to have the child on alternating weekends and for one week each summer. The further contention that visitation was conditioned upon payment of support and

alimony is without merit. The court's comment that: "If he doesn't get a job to make these payments that question [visitation] becomes moot, because we are going to put him in jail and there is no point in having the child in jail with him.", was simply placing emphasis upon the penal result of nonpayment. That the child would not be with him if he went to jail was an aside pointing to a tangential inconvenience of incarceration. Payment was not the *quid pro quo* for visitation, but loss of visitation was a logical consequence of incarceration which would follow nonpayment. The point is strained at best. We see no abuse of discretion in determining appellant's visitation rights. See *Dorsey v. Dorsey*, 245 Md. 703, 704: *Townsend v. Townsend*, 205 Md. 591.

*Judgments affirmed.*
*Costs to be paid by appellant.*