492 A.2d 649

**James D. WILLIAMS, Jr.**

v.

**Nancy G. WILLIAMS.**

**No. 1207, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 16, 1985.

222

---

Hal Witt, Chevy Chase, for appellant.

James J. Cromwell, Bethesda (J. Bradford McCullough and Beckett, Cromwell & Myers, P.A., Bethesda, on the brief), for appellee.

Argued before MOYLAN, ALPERT and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

When in litigation there is no dispute as to the proper, indeed, the mandated, resolution of an issue on appeal, communication and cooperation between counsel, often times will vitiate the need for continuation of the litigation with its attendant requirements of time and resource expenditure. Had that been done in this case, this matter would have long since been resolved and without our intervention.

The genesis of this appeal lies in a prior appeal, involving the same parties, the decision in which is controlling as to the issue presented. A brief review of the facts will place this matter in perspective.

Prior to their divorce, James B. Williams, Jr., appellant, and Nancy Grube Williams, appellee, entered into a separation and property settlement agreement requiring appellant to make certain payments to appellee as alimony. Subsequently, the parties were divorced a vinculo matrimonii by the Circuit Court for Montgomery County, which ratified, approved, and adopted the agreement. Consistent with the agreement, the court did not incorporate or merge it into the decree. Thereafter, alleging that appellant had breached the agreement by failing to make the alimony payments required, appellee instituted an action for contempt, entry of a monetary judgment, and specific performance of the separation agreement. The trial court entered an order on July 21, 1983, in which it held that appellant's breach of the separation agreement could be enforced through contempt. In addition, the court entered a judgment against appellant in the amount of the arrears claimed and referred the matter to a master for a contempt hearing. Appellant appealed that judgment.

While appellant's appeal was pending, a hearing was held before the domestic relations master, which resulted in a recommendation that appellant be found in contempt. Appellant excepted to this recommendation, but his exceptions were overruled by order dated April 27, 1984. Thereafter, by order dated May 2, 1984, appellant was adjudged in contempt of court for "willful and deliberate" failure to comply with the separation agreement.

The validity of both of these rulings was brought into question on December 3, 1984, when we filed our unpublished per curiam opinion in *Williams v. Williams*, No. 377, September Term, 1984, *Williams I.*[1] We reversed the trial court's ruling that an agreement that was neither incorporated nor merged into a divorce decree, could form the basis for a contempt action. We thus remanded the case to the Circuit Court for Montgomery County for proceedings consistent with that opinion. Upon remand, the trial court issued an order deleting from the July 21, 1983 order that portion which remanded the case to the master for the taking of testimony on the issue of contempt.

Appellant, relying upon our opinion in *Williams I*, urges that we vacate the orders of April 27, 1984 and May 2, 1984. Appellee responds by motion to dismiss and on the merits, contending that the issue is moot. Specifically, appellee concedes that our prior decision is controlling—she has not sought certiorari on this issue[2]—and, thus, appellee submits, to decide this issue would not affect what has already occurred; any discussion of the issue would be only of academic or abstract relevance. She points to the supplemental order filed by the trial court following *Williams I* as being indicative of the fact that no controversy exists.

---

1. See Md.Rule 1092 c.

2. We decided in *Williams I* that the monetary judgment entered by the trial court was a valid judgment and appellee sought certiorari to the Court of Appeals, which is still pending.

■■■ A case is moot if at the time it is before the Court there is no existing controversy between the parties and no effective remedy which the Court can provide. *News American v. State,* 294 Md. 30, 447 A.2d 1264 (1982); *Attorney General v. Anne Arundel County School Bus Contractors Association,* 286 Md. 324, 407 A.2d 749 (1979); *Bethesda Management Service v. Department of Licensing and Regulation,* 276 Md. 619, 350 A.2d 390 (1976). When an appellate court rules on an issue in a case, that ruling becomes the "law of the case", binding on the court and the litigants alike. *Fidelity-Baltimore National Bank & Trust Co. v. John Hancock Mut. Life Ins. Co.,* 217 Md. 367, 142 A.2d 796 (1958); *Acting Director, Department of Forest & Parks v. Walker,* 39 Md.App. 298, 385 A.2d 806 (1978), aff'd, *Walker v. Acting Director,* 284 Md. 357, 396 A.2d 262 (1979). Mootness and "law of the case" are independent and distinct principles. The "law of the case" may be dispositive of an issue and, yet, that issue may not be moot on appeal. *Acting Director v. Walker, supra.* Whether an issue is moot, in this context, depends upon the posture of the case, the nature of the issue and the extent to which the decision rendered on that issue is consistent with the "law of the case". Thus, in the case *sub judice,* had the trial court entered the contempt order of May 2nd after the decision in *Williams I* had been filed, the holding in *Williams I* would have been controlling as to the validity of that order, but because the order is inconsistent with *Williams I,* an appeal of that order would not be moot. A similar result may be required even when an issue which is the subject of appeal has been decided prior to an appellate ruling which becomes the "law of the case". Again, the viability of the appeal from the standpoint of mootness will depend upon the circumstances then prevailing.

■■■ Turning to the case *sub judice,* we do not find the issue to be moot. Although we think it clear beyond cavil that the holding in *Williams I* applies in the case *sub*

*judice,* we further find that there is an effective remedy that this court can provide. Despite *Williams I,* there remain in the records of the court two orders which pertain to appellant's being in contempt of court. In one of the orders, the order of May 2, 1984, there is an explicit finding of "willful and deliberate" conduct. Were we to dismiss this appeal, those orders would remain spread out among the records of the Circuit Court for Montgomery County for all to see. While they may not ever be utilized and while their effect beyond mere existence is not known, and may be none, that existence, uncontradicted, gives substance to this appeal. We therefore reject appellee's argument of mootness.[3] We agree with appellant that the orders of April 27 and May 2, 1984 must be vacated.

APPELLEE'S MOTION TO DISMISS APPEAL DENIED; ORDERS DATED APRIL 27, 1984 AND MAY 2, 1984 VACATED.

COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.

---

3. We find no fault with the actions of the trial judge pursuant to the remand of *Williams I.* The trial judge, within the limitations under which he, of necessity, operated, attempted to ameliorate the effect of his subsequent contempt order. He recognized, however, that a trial court loses authority to stay or suspend the operational effect of a judgment once that judgment has been appealed. *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972); *Visnich v. Washington Suburban Sanitation Commission,* 226 Md. 589, 174 A.2d 718 (1961); *Eisenbeiss v. Jarrell,* 52 Md.App. 677, 451 A.2d 940 (1982); *Buffin v. Hernandez,* 44 Md.App. 247, 408 A.2d 393 (1979). Nevertheless, we cannot accept appellee's argument that by deleting from the order of July 21, 1983 the remand to the master for a contempt hearing, the trial court somehow ameliorated or substantively affected the subsequent orders of April 27, and May 2, 1984.

Although the trial court, while the appeal was pending, could not vacate the April 27th and May 2nd orders, counsel could and should have communicated with each other concerning the effect of *Williams I* on the appeal then pending. Such communication could have resulted in the formulation of a procedure whereby the result mandated by *Williams I* could have been achieved without the necessity of this appeal being pursued to its conclusion. We commend to counsel just such action in the future.