In the Matter of the **PATERNITY OF Shane AGNEW;**

**James M. STERLING, Petitioner–Appellant,**

v.

**Shelby AGNEW, Respondent–Appellee.**

**No. 54A01-8807-CV-217.**

Court of Appeals of Indiana, First District.

March 20, 1989.
Opinion on Rehearing May, 16, 1989.

Frank E. Spencer, Indianapolis, Michael F. Singer, Danville, for petitioner-appellant.

. . . . .
(B) used to facilitate any violation of a criminal statute; or
. . . . .

James R. Earnshaw, Harding, Henthorn & Harris, Crawfordsville, for respondent-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James Sterling appeals from the Montgomery Circuit Court's award of child support of $100 per week. We affirm.

## FACTS

In early July of 1985, James Sterling and Shelby Agnew began living together in a mobile home. In February of 1986, this relationship ended. However, during this period of cohabitation Sterling and Agnew conceived a child, Shane Agnew, who was born on June 20, 1986. On July 7, 1986, Sterling filed a petition to establish paternity, and to resolve custody, visitation, and support matters. After hearing evidence and arguments on behalf of Sterling and Agnew, the trial court entered a judgment which gave Agnew custody and which delineated the times Sterling would be permitted to visit Shane. In addition, the trial court ordered Sterling to pay child support beginning on March 4, 1988, at a rate of $100 per week. The trial court also ordered Sterling to pay fifty percent (50%) of the expenses Agnew incurred for Shane in the first sixteen (16) months of Shane's life, and ordered Sterling to pay seventeen (17) weeks of retroactive child support at a rate of $100 per week. Finally, the trial court ordered Sterling to pay fifty percent (50%) of Shane's past and future medical expenses including the expenses incurred for pre-natal care and delivery. Sterling appeals only the trial court's child support order which covers the dates from March 4, 1988.

## ISSUE

Restated, Sterling presents one (1) issue:

Whether the trial court abused its discretion in ordering child support at a rate of $100 per week?

## DISCUSSION AND DECISION

A trial court's decision to award child support in a paternity proceeding is governed by Indiana Code section 31–6–6.1–13, which provides in part as follows:

"(a) The court may order either or both parents to pay any reasonable amount for child support after considering all relevant factors, including the following:

(1) The financial resources of the custodial parent.

(2) The standard of living the child would have enjoyed had the parents been married and remained married to each other.

(3) The physical and mental condition of the child and his educational needs.

(4) The financial resources and needs of the noncustodial parent."

This statute enumerates several general factors the trial court should consider in making a decision to award child support. However, the precise determination of the amount of child support is left to the trial court's sound discretion, and will not be reversed absent an abuse thereof. *Farmer v. Minor* (1986), Ind.App., 495 N.E.2d 553, 559; *B.G.L. v. C.L.S.* (1977), 175 Ind.App. 132, 136, 369 N.E.2d 1105, 1108. Sterling argues that the trial court abused its discretion in the present case as the child support award is excessive and unreasonable. We disagree.

Sterling's first attack on the amount of the child support award focuses on the trial court's consideration and use of Sterling's potential earning ability. Sterling recognizes that Indiana Code section 31–6–6.1–13(a)(4) permits and requires the trial court to examine the financial resources and needs of the noncustodial parent, but apparently argues that "financial resources" include only the actual and not the potential income of the noncustodial parent. Thus, Sterling argues the trial court should not have considered his earning ability which was based in part on his past income, education, skills, and overall ability to earn an amount sufficient to meet his needs and the child support award. Sterling is mistaken. In considering the financial resources of a party to a support award the trial court may consider both the party's ability to pay and the party's ability to earn. *Logan v. Logan* (1883), 90 Ind. 107, 109; *Geberin v. Geberin* (1977), 172 Ind.App. 255, 260, 360 N.E.2d 41, 46; *Libertowski v. Hojara* (1967), 141 Ind.App. 439, 443, 228 N.E.2d 422, 424; *Dragoo v. Dragoo* (1962), 133 Ind.App. 394, 401, 182 N.E.2d 434, 438. *Accord, Link v. Link* (1977), 35 Md.App. 684, 690, 371 A.2d 1146, 1150, and, *Travis v. Travis* (1969), 19 Mich. App. 128, 130, 172 N.W.2d 491, 492. *See*

also, *Annot.*, 27 A.L.R. 4th 864 § 3 (1984). In the present case, although the evidence indicated that Sterling worked as a farmer and had little to no income during the two (2) years prior to trial, the trial court determined Sterling's farming constituted a part-time occupation which did not accurately reflect Sterling's earning ability. We cannot say that this determination was clearly against the logic and effect of the facts and circumstances before the court because the record reveals that Sterling was an educated man, had been certified as a flight instructor and in previous years had earned approximately $460 per week while working in Arizona as a field geologist. Therefore, we hold that the trial court did not abuse its discretion in considering and determining Sterling's potential earning ability.[1]

■ Sterling next argues the amount of the child support award is unreasonable and excessive because no evidence existed as to the amount needed to support Shane. Sterling is mistaken. The evidence indicated Agnew incurred approximately $5400 in expenses for Shane during his first sixteen (16) months of life. This evidence alone indicates a need of approximately $84 per week. The evidence further established that Agnew incurred baby sitting costs of $40 per week. Thus, a need of at least $124 per week was established by this evidence. However, this evidence of need was not all inclusive, and did not include such expenses as health care, transportation, shelter, and utility costs. Thus, contrary to Sterling's assertions, the evidence did indicate a need for child support and did indicate that the trial court's award was reasonable. Therefore, the trial court did not abuse its discretion in ordering Sterling to pay a child support award of $100 per week.

AFFIRMED.

## OPINION ON REHEARING

In his petition for rehearing, James M. Sterling contends our original opinion handed down March 20, 1989, is in error in stating that he appealed only the trial court's child support order covering dates from and after March 4, 1988. Sterling contends he also appealed the support order retroactive to October of 1987. Assuming Sterling did challenge the support order from October 1987 to March 4, 1988, which is not at all clear, his entire argument on that issue is contained in one paragraph which is lacking both cogency and citation to supporting authority. *See*, Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). Further, we believe the reasoning in our original opinion applies equally to the retroactive support order. Therefore, we deny rehearing.

ROBERTSON and BUCHANAN, JJ., concur.

---

[1]. We recognize that several of the cases we rely on in reaching this holding involve child support awards in divorce proceedings. However, the purpose of a child support award under either type of proceeding is the same, and the factors the trial court considers in awarding child support in a paternity proceeding are similar to those the court considers in awarding child support in a divorce proceeding. In fact, Indiana Code sections 31–1–11.5–12(a)(4) and 31–6–6.1–13(a)(4) are identical and provide for the consideration of "the financial resources and needs of the noncustodial parent". Accordingly, we may rely on both divorce and paternity child support cases in determining the propriety of the trial court's award in the present case.