758 A.2d 1087

**Tina R. HILL**

v.

**Ricardo L. SCARTASCINI, et al.**

**No. 1997, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Sept. 6, 2000.

Charles R. Claxton (Claxton, Sale & Quinn, P.C., on the brief), Washington, DC, for appellant.

Benjamin S. Vaughan (Armstrong, Donohue, Ceppos & Vaughan, Chartered, on the brief), Rockville, for appellees.

Argued before MOYLAN, EYLER and STEPHEN P. JOHNSON (specially assigned), JJ.

STEPHEN P. JOHNSON, Judge, Specially Assigned.

"Zero is neither negative nor positive, but the narrowest of no-man's land between these two kingdoms." [1] And in some situations, such as this, it is more than just a placeholder; it can be an inaccurate and significant misrepresentation of reality.

This appeal addresses what judgment should be entered when a jury award is less than a settlement payment by a joint tort-feasor pursuant to the Maryland Uniform Contribution Among Joint Tort–Feasors' Act. Tina Hill, appellant and the plaintiff below, brings this appeal from a post-trial Order by the Circuit Court for Prince George's County reducing a jury verdict in her favor to zero dollars ($0.00) and entering judgment for the appellees/defendants Ricardo L. Scartascini, M.D. and his professional corporation. On appeal, Hill asks this court to address whether the trial court erred in entering judgment for the defendants rather than entering the plaintiff's judgment as "satisfied." Appellees maintain that Hill's

---

1. Robert Kaplan, *The Nothing That Is, A Natural History of Zero*, Oxford University Press, 1999, p. 190.

argument is contrary to the language of the Joint Tort-Feasor's Release which she executed, is contrary to the "true outcome" of the case, and that the appeal should be dismissed as moot. For the reasons discussed below, we hold that the judgment was incorrectly entered by the trial court and that it should be amended to reflect more accurately how this case was concluded.

## FACTS

On August 14, 1995, Hill underwent an emergency Cesarean section in the Prince George's Medical Center, in which she suffered a ruptured uterus and bladder, as well as other injuries. She brought suit against the physician, Dr. Scartascini, his professional corporation, and Dimensions Health Corporation ("Dimensions"), which owns the hospital, alleging negligence and lack of informed consent. On August 9, 1999, Hill settled her claim against Dimensions for $100,000 and signed a Joint Tort-Feasor's Release.[2] The case against Dr. Scartascini and his professional corporation (collectively, "Dr. Scartascini") proceeded to trial, and at the conclusion of the five day jury trial, the jury returned a verdict for Hill in the amount of $72,056.87. Because the jury award was less than the amount paid by Dimensions, Dr. Scartascini filed a Motion to Alter or Amend Judgment seeking to have the judgment reduced to zero dollars ($0.00), or, alternatively, to have judgment entered in the defendants' favor. Hill opposed the motion, arguing that the judgment should be marked "satisfied" in the amount of the judgment, $72,056.87, as set forth in *Martinez v. Lopez*, 300 Md. 91, 476 A.2d 197 (1984). Dr. Scartascini filed a Response to Hill's Opposition and requested a hearing. Without conducting a hearing and stating that

---

**2.** The Maryland Code defines joint tort-feasors as "two or more persons jointly or severally liable in tort for the same injury to person or property whether or not judgment has been recovered against all or some of them." MD. CODE (1998 Repl.Vol.) CTS. & JUD. PROC § 3–1401(c). The release provides that Dr. Scartascini "shall be entitled to invoke the benefits of this Release without showing or proving that [Dimensions] is a joint tort-feasor."

4

"[t]his truly appears to be an esoteric issue of no practical importance to anyone, ... [with which] the Court will spend no significant amount of time or effort ... " the lower court granted the defendants' motion by reducing the judgment to zero dollars ($0.00) as well as entering judgment in favor of Dr. Scartascini.

## DISCUSSION

We first address Dr. Scartascini's argument that the case is moot because there is no controversy to which this court could provide a remedy. "A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." *Attorney General v. Anne Arundel County School Bus*, 286 Md. 324, 327, 407 A.2d 749 (1979). We do not find the issue to be moot because not only does a controversy still exist between the parties, but this Court can provide an effective remedy by reversing the judgment below and modifying the judgment. As this Court said in *Williams v. Williams*, 63 Md.App. 220, 226, 492 A.2d 649 (1985), *aff'd*, 305 Md. 1, 501 A.2d 432 (1985):

Were we to dismiss this appeal [for mootness], those [court] orders would remain spread out among the records of the Circuit Court for Montgomery County for all to see. While they may not ever be utilized and while their effect beyond mere existence is not known, and may be none, that existence, uncontradicted, gives substance to this appeal.

Similarly, in this case, the judgment for Dr. Scartascini remains in the records of the Circuit Court for Prince George's County for all to see, despite the jury's finding that Dr. Scartascini was liable to Hill for medical malpractice. We therefore reject appellees' argument of mootness.

We now turn to the Maryland Uniform Contribution Among Joint Tort–Feasors' Act ("the Act"). Under the Act:

A release by the injured person of one joint tort-feasor, whether before or after judgment, *does not discharge the other tort-feasor unless the release so provides, but it re-*

*duces the claim* against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

MD. CODE (1998 Repl.Vol.) CTS. & JUD. PROC. § 3–1404 (emphasis added). In other words, unless the injured party's release discharged the non-settling tort-feasor, the Act provides only that the claim be reduced. Neither the Act nor Maryland case law allows for judgment to be entered in favor of the defendant. Therefore, we conclude that the lower court erred in entering judgment for Dr. Scartascini and his professional corporation.

Dr. Scartascini argues that the lower court's Order was consistent with the language of the release, which stated that Hill "agree[d] to reduce any award, judgment or recovery." He contends that because Hill sought compensatory damages only, as opposed to punitive damages, an injunction, or specific performance, the jury's verdict was "tantamount to a judgment in favor of the defendants." Dr. Scartascini cites no authority for such proposition, however. In addition, he does not argue that the release discharged him from liability. In fact, the first sentence of the release states that Hill "enters into this Joint Tort-feasor Release for the purpose of discharging *solely the settling Defendant* [Dimensions] from all liability, in tort, contract or otherwise, for any injury or damage of any kind arising out of the disputed medical care (as defined therein)." (Emphasis added.) The release further states, "The Plaintiff does not, however, release the non-settling Defendant in any respect whatsoever."

Our holding is consistent with the result in *Martinez v. Lopez*, 300 Md. 91, 476 A.2d 197 (1984). In *Martinez*, a minor and her parents filed a medical malpractice claim against the treating physician and the hospital. *Id.* at 94, 476 A.2d 197. The plaintiffs settled with the hospital for $725,000 and executed a joint tort-feasors' release. Trial proceeded as to the doctor and the jury returned a verdict for $600,000. Despite the fact that the settlement amount exceeded the jury verdict, the trial court held the doctor liable for $300,000, one-half of

the jury verdict. *Id.* at 95, 476 A.2d 197. This Court affirmed the trial court. However, the Court of Appeals reversed, stating that "the trial court should have granted [the doctor's] motion for the entry of a credit satisfying judgment against him." *Id.* at 96, 476 A.2d 197. Although *Martinez* did not explicitly discuss whether the proper judgment entry should be "satisfied" or entered in favor of the defendant, the language used in the opinion makes clear that judgment should be entered for the plaintiff as the prevailing party, even though the damage award is less than the amount paid by the settling defendant. The Court of Appeals framed the issue as

... whether the amount paid by the settling defendant in excess of a pro rata share generally operates to reduce the total claim and, ... whether the excess paid operates to *satisfy* any judgment to be entered for the injured party against the nonsettling tortfeasor. For reasons hereinafter stated *we shall hold that the total claim is satisfied....*

\* \* \*

The issue is the effect which the release given by the Plaintiffs to Suburban has on any ***judgment to be entered against Martinez.*** On that issue [the Act] is dispositive. It tells us that the Plaintiffs' release of Suburban 'reduces the claim against' Martinez.

*Id.* at 94, 476 A.2d 197 (Emphasis added). The Court of Appeals remanded the case to this Court for "remand to the Circuit Court for Montgomery County with instructions to enter as 'satisfied' the judgment...." *Id.* at 105, 476 A.2d 197. *See also Keene Corp. v. Levin,* 330 Md. 287, 293, 623 A.2d 662 (1993) (citing *Martinez* for the proposition that "it is conceivable that the amount of money already paid to the plaintiffs by settling defendants may exceed the amount of compensatory damages awarded them in these cases, in which event *the claims of the plaintiffs for compensatory damages would be wholly satisfied."*) (Emphasis added.)

The facts in this case are similar to those in *Martinez.* Here, the jury did not find in Dr. Scartascini's favor, as the

court's order suggests, but rather determined that he had damaged the plaintiff to the extent of more than $72,000. An entry of zero dollars ($0.00) **and a judgment in his favor** pursuant to a release he did not "purchase" or sign should not be used to vindicate his actions. The defendants are not required to pay the amount found due by the jury because Dimensions earlier had paid the plaintiff more than the award. However, the doctor was certainly not exonerated nor was he absolved of responsibility for the plaintiff's injuries simply because the jury awarded less than had already been paid pursuant to the Joint Tortfeasor's Release. Therefore, a judgment in his favor is not accurate. This Court finds that the most accurate entry to the docket entries of the Circuit Court for Prince George's County, and that which is consistent with the statute, the release, and the verdict, is as follows:

Judgment for plaintiff. Jury award of $72,056.87 reduced and satisfied pursuant to the Joint Tortfeasor's Release dated August 9, 1999.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY WITH INSTRUCTIONS TO ENTER JUDGMENT IN ACCORDANCE WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEES.**