866 A.2d 161

**Lynn M. KOFFLEY**

v.

**Joseph J. KOFFLEY, Jr.**

**Nos. 46, 910 Sept. Term 2004.**

Court of Special Appeals of Maryland.

Jan. 25, 2005.

634

William Ray Ford (on the brief), Camp Springs, MD, for Appellant.

Jo Benson Fogel, Rockville, MD, for minor children and Joseph J. Koffley, Lexington Park, MD, pro se appellee (on the briefs), for Appellee.

Panel: MURPHY, C.J., KENNEY and DEBORAH S. EYLER, JJ.

MURPHY, Chief Judge.

The parties to these combined appeals from the Circuit Court for Prince George's County—Lynn M. Koffley, appellant, and Joseph J. Koffley, Jr., appellee—were married on May 28, 1988, and were divorced by a judgment of absolute

divorce signed on December 20, 1999 and docketed on December 27, 1999. They are the parents of a sixteen year old daughter, a fourteen year old son, and an eleven year old daughter. Their failure or refusal to agree on what is in the best interest of their children has resulted in an enormous amount of litigation, including (1) nine contempt petitions filed by the appellant, (2) seven contempt petitions filed by the appellee, (3) the combined appeals that we address in this opinion, (4) several other appeals to this Court, (5) Protective Order proceedings in the District Court of Maryland for Prince George's County, and (6) proceedings in the United States Bankruptcy Court for the Eastern District of Virginia.

As a result of the orders that we review in these combined opinions, (1) the appellee has been awarded custody of the children, (2) the appellant's right to visitation has been "suspended," and (3) further circuit court proceedings are scheduled to take place on February 18, 2005. Subsequent to oral argument in No. 46, the appellant filed with this Court an "Emergency Motion to Immediately Vacate Custody and Visitation Orders and to Transfer Custody of Patrick to Appellant." This motion included the assertion that, because the present custody and visitation orders are "on appeal," the circuit court has been divested of jurisdiction to change any of the provisions in those orders. According to the appellant, unless and until this Court reverses or vacates the orders at issue, the circuit court does not have jurisdiction to order a change in custody.

### Relevant Factual Background

In June of 1997, the circuit court entered an order granting "sole" custody of the children to the appellee, and awarding visitation to the appellant. In October of 1997, the circuit court entered a *pendente lite* order directing the appellant to pay $1,644.77 per month in child support. This order included the provision that the appellant's support obligation would "remain in full force and effect until superseded by further Order of court." Although the parties were before the circuit court on numerous occasions in 1998, 1999, 2000, 2001, 2002,

and 2003, the appellant's right to visitation was not "suspended" until February 13, 2004, on which date the circuit court entered a FORTHWITH ORDER that is at issue in Case No. 46. The *pendente lite* support order was not superseded until the conclusion of a June 21, 2004 hearing, following which the circuit court entered the orders at issue in Case No. 910. The appellant argues that the circuit court erred and/or abused its discretion in entering several orders, including orders providing:

> that all visitations between the [appellant] and the involved three minor children, be . . . **SUSPENDED** . . . ;
>
> that Judgment be . . . awarded against the [appellant], in favor of the [appellee] in the amount of $16,141.25 as and for a contribution toward [the appellee's] counsel fees in these proceedings;
>
> that the [appellant] . . . is hereby found to be in arrears in child support as of June 18, 2004, in the amount of Four Thousand Five Hundred Fifty–One Dollars and Forty Seven Cents ($4,551.47);
>
> that the [appellant's] Motion to Modify the amount of child support be . . . denied; and
>
> that a rehearing on the issue of the [appellant's] right to visit with her children be . . . scheduled for February 18, 2005, at 9:00 a.m., at which time the three (3) minor children shall be present.

In light of the appellee's agreement that the appellant should be granted some type of "supervised" visitation with the children, the order "suspending" her visitation must be vacated. We shall therefore direct (1) that the order that presently controls the appellant's right to visitation be converted to a *pendente lite* order until the parties are once again before the circuit court, and (2) that further proceedings in the circuit court adhere to the procedure required by *Frase v. Barnhart*, 379 Md. 100, 840 A.2d 114 (2003). Because the appeal of a custody order does not divest the circuit court of jurisdiction to enter a "new" custody order upon proof that, as a result of a material change in circumstances, a change of

custody is in the child's best interest, we shall deny the "Emergency Motion" that the appellant has filed in this Court. We shall otherwise affirm the judgments of the circuit court.

### Appellant's Arguments as to the Orders Entered on February 13, 2004 and June 21, 2004

In No. 46, the appellant argues that:

1. The Judge Should Have Recused Himself When His Failure to Timely Adjudicate a Parent's Earlier Claims Caused Him to Have a Personal Stake in Ruling Against Her in a Larter [sic] Custody Proceeding[.]

2. The Judge Abused His Discretion When He Sua Sponte Schedule[d] a Custody Hearing and Terminated All Visitations Between a Parent and Her Children Based on Complaints He Had Previously Rejected[.]

3. The Judge Erred as a Matter of Law by Requiring a Parent to Testify Whether Her Children Had Lied About Disputed Events[.]

4. The Judge Erred by Engaging a Single Attorney Without Any Guidance to Represent Three Children with Potentially Conflicting Interests[.]

5. The Judge Erred by Refusing to Consider Psychological Testimony Concerning the Children's Estrangement from Their Mother[.]

In case No. 910, the appellant argues that:

1. The Order of Court entered 1 July 2004 should be reversed as a consequence of the trial judge's prior refusal to recuse himself.

2. The trial court violated appellant's right to due process in extending the suspension of her right of visitation indefinitely without taking evidence.

3. The trial court violated due process by failing to decide appellant's motion to modify child support for 57 months.

4. The court erred in assessing child support arrears based on a disputed proffer from the father's counsel.

5. The court erred in distributing marital property in violation of a federal bankruptcy stay.

## Appellant's "Recusal" Arguments

 There is no merit in either recusal argument, which is based upon the fact that the appellant wrote a letter of complaint to the Chief Judge of the Court of Appeals, in which she complained that the circuit court had failed to decide issues that should have been decided more promptly. As both of the appellant's counsel conceded during oral argument, the fact that a litigant has made a complaint against the trial judge does not require that the trial judge grant the litigant's recusal motion. To hold otherwise would vest every dissatisfied litigant with the power to recuse the trial judge.

## Appellant's "Procedural" Arguments

 The appellant argues that the circuit court abused its discretion by (1) "sua sponte" scheduling a custody hearing, (2) questioning appellant about the accuracy of information supplied by the children, and (3) appointing only one attorney to serve as *Guardian Ad Litem* for the parties' three children. There is no merit in any of these arguments. Both parties had ample time to prepare for the hearing. While it is not particularly useful to question a witness about the accuracy of information provided by some other person, such questioning does not constitute reversible error. *See Fisher v. State,* 128 Md.App. 79, 152–53, 736 A.2d 1125 (1999), *aff'd,* 367 Md. 218, 786 A.2d 706 (2001). While it is true that there are situations in which a separate *Guardian Ad Litem* should be appointed for each child, the case at bar does not present a situation in which there is a potential conflict between the best interest of one child and the best interest of another child. Should such a conflict arise in the future, we are confident that (1) the *Guardian Ad Litem* will bring that fact to the court's attention, and (2) the court will take appropriate action.

## Appellant's "Financial" Arguments

 While we do not disagree with appellant's contention that the child support and marital property issues should have

been decided more promptly, because the record includes evidence that is sufficient to support the factual findings at issue, we are not persuaded that the circuit court erred or abused its discretion in resolving those issues. While appellant's recusal arguments present the question of whether these issues should have been resolved in the first instance by a different circuit court judge, because of our holding that there is no merit in the recusal arguments, we affirm the child support and marital property rulings at issue in these appeals.

### Appellant's "Due Process" Arguments

█ The appellant also argues that the circuit court abused its discretion by (1) refusing to receive expert testimony about the children's "estrangement" from their mother, and (2) "terminating" *all* visitations, pending a "rehearing on [that] issue." These arguments are moot in light of (1) the appellee's agreement that the appellant is entitled to *some* type of visitation, and (2) the hearing that is presently scheduled for February 18, 2005, at which the circuit court is hereby directed to apply the procedure set forth in *Frase v. Barnhart*, 379 Md. 100, 840 A.2d 114 (2003), in which the Court of Appeals noted its "disagreement with the procedure . . . of . . . subjecting [the appellant-mother] to periodic review hearings." *Id.* at 120, 840 A.2d 114. As the *Frase* Court explained:

> It is common—and in some instances required—for juvenile courts, in dealing with children who have been found in need of assistance (CINA), to have periodic review hearings to monitor the progress of the child, the child's parents, and any other guardian or potential custodian. In that setting, of course, the child has already come under the direct jurisdiction and supervision of the court and may well be in the legal custody of the court. By statute, the court's comprehensive jurisdiction extends until either the child turns 21 or the jurisdiction is affirmatively terminated by the court. *See* CJP § 3–804(b). The context, which justifies the direct and continuing supervision of the court, is that, as part of the CINA finding, the court has determined

that court intervention is required to protect the child's health, safety, and well-being. *See* CJP § 3–801(f) and (m).

The court's role is different in a normal private custody dispute. It is to take evidence and decide the dispute, so that the child and the other parties can get on with their lives. The court does not retain jurisdiction until the child turns 21, or even 18. Although the matter of custody, visitation, and support may always be reopened upon a showing of changed circumstances, the court's jurisdiction over the particular dispute ends when the dispute is resolved, which the law anticipates will occur within a reasonable time after the evidentiary hearing. Those kinds of cases are not to be strung out indefinitely, as though they were CINA cases.

For good cause, the court may hold a case open for a reasonable period to consider additional evidence, not available at trial but which the court finds necessary to a proper decision. What it may not do, however, is to proceed to make findings that would dictate a particular result and then . . . to continuing review hearings. When it does that, the case never ends; the child and the parties remain under a cloud of uncertainty, unable to make permanent plans. The court seemingly reserves the power to alter the custody arrangement at any time, even in the absence of a new or amended petition, based on a later review of circumstances known or predicted to exist at the time of the initial determination. That is procedurally impermissible.

*Id.* at 120–23, 840 A.2d 114. The visitation provision at issue in the case at bar is hereby converted to a *pendente lite* order that will remain in effect until the parties are once again before the circuit court.

**Jurisdiction of the Circuit Court to consider an "Emergency" Motion for Change of a Custody Order filed by a Party at a Time when an Appeal from that Custody Order is Pending in this Court or in the Court of Appeals**

Any custody decision is an exception to the general rule that only a final judgment may be appealed. That is, a

decree as to the custody of a child is never absolutely final because it is always subject to modification and change under the continuing jurisdiction of the divorce court. However, it is final in the sense that it is not interlocutory, and is conclusive, of the facts in evidence at the time it was rendered.

\* \* \*

Courts differ on the question of whether an appeal deprives the trial judge of jurisdiction to consider a motion dealing with the child's custody. Some courts hold the trial court lacks jurisdiction to deal with a motion subsequent to the notice of appeal. . . . Other cases hold that (even if a supersedeas bond is given) the trial court does not lose jurisdiction to make a temporary custody order pending appeal upon pleading and proof that the children's welfare was substantially endangered during that period. . . . The appeal does not transfer to the distant appellate court the continuing jurisdiction over the child's welfare.

Sandra Morgan Little, *Child Custody and Visitation, Law and Practice,* Custody § 26.03[1], Appeals § 26.04[1] (2004).

 We are persuaded that the appeal of a custody order does not divest the circuit court of jurisdiction to decide the merits of a claim that, as a result of a *material* change in circumstances that has occurred *after* that order was entered, a change in custody is in the child's best interest. We therefore hold that the appellant's "Emergency Motion to Immediately Vacate Custody and Visitation Orders and to Transfer Custody of Patrick to Appellant" should have been presented to the circuit court in the first instance. This holding is entirely consistent with the above quoted holding in *Frase, supra,* as well as with several opinions of this Court, including *Wagner v. Wagner,* 109 Md.App. 1, 674 A.2d 1 (1996), *Shunk v. Walker,* 87 Md.App. 389, 589 A.2d 1303 (1991), *Link v. Link,* 35 Md.App. 684, 371 A.2d 1146 (1977), and *Garland v. Garland,* 22 Md.App. 80, 321 A.2d 808 (1974).

 In *Wagner, supra,* while summarizing "the procedural steps required to be taken in child custody modification cases,"

this Court expressly stated that "[the] threshold—but not paramount—issue is the existence of a material change," and "the circumstances to which change would apply would be the circumstances known to the trial court when it rendered the prior order ... [or] not known to the court because evidence relating thereto was not available to the court." 109 Md.App. at 28–31, 674 A.2d 1. It is clear from the procedure summarized in *Wagner* that, although the party moving for modification must prove that there has been a material change in circumstances, that party is not prohibited from litigating the issue on the ground that the prior order has been appealed.

In *Shunk, supra,* this Court affirmed a "modification of a custody award that transfer[red] custody of the child from the 'custodial' parent to the 'visitor' parent." 87 Md.App. at 397, 589 A.2d 1303. In that case, the initial award of custody was included in a judgment of divorce entered on October 27, 1988, and the petition to modify custody was filed on April 6, 1990. *Id.* at 393–94, 589 A.2d 1303. This Court noted that, although appellant argued that "there was no justification for the chancellor's ruling,"

> Appellant does not contest the jurisdiction of the court in modifying its previous custody order. The court retained jurisdiction by virtue of Md.Code (1984), Fam.Law Art. § 9–204(a)(1)(ii).

*Id.* at 395 n. 2, 589 A.2d 1303.

In *Garland, supra,* while affirming the circuit court's decision that appellant was in contempt of a decree of divorce, even though (1) appellant had noted an appeal from that decree, and (2) the appeal was pending when appellant was held in contempt, this Court stated:

> It is not contended that the lower court lacked jurisdiction because the appeal from the divorce decree was pending; however, we will briefly discuss this question. Finding changed circumstances, [the circuit court] modified the divorce decree by altering the amount of the support payments for the children. The cases have held that the trial court can modify the alimony payment provisions of a

divorce decree with respect to matters which arise after the passage of the decree and while an appeal therefrom is pending. It would seem by analogy that the trial court would have the power, pending an appeal, to modify the support payment provisions of a divorce decree in the event of changed circumstances which arise subsequent to the original decree. (Internal citations omitted).

22 Md.App. at 85, 321 A.2d 808.

In *Link, supra,* this Court rejected the contention of the former husband/appellant that, because he had filed an appeal from the judgment of divorce, the circuit court did not have jurisdiction to hold him in contempt for his refusal to comply with the alimony and counsel fee provisions of the judgment. We stated:

Appellant's argument is based upon the theory that once an appeal has been noted the lower court is without jurisdiction to take any further action in the case until the appeal is decided, and that the court below was thus without jurisdiction to find him in contempt for violating the decree which was being appealed. The general rule, indeed, is that the noting of an appeal divests the lower court of jurisdiction to proceed with regard to the issue appealed. *See, e. g., Lang v. Catterton,* 267 Md. 268, 297 A.2d 735; *Visnich v. Wash. Sub. San. Comm.,* 226 Md. 589, 174 A.2d 718; *Collier v. Collier,* 182 Md. 82, 32 A.2d 469. But like all rules, it is not without its exceptions. While there appears to be no Maryland decision squarely on the issue here, a number of cases are so closely related.... Presumably the lack of direct authority derives from the generally understood premise upon which we hold jurisdiction to be founded, *i.e.,* the inherent authority of a court to enforce its decrees subject only to an express stay.

\* \* \*

... Maryland cases have uniformly held that a divorce court has jurisdiction to entertain [the wife's] petition for alimony, child support and counsel fees, even though her petition is filed after an appeal from the grant or denial of a

divorce has been noted.... Furthermore, the chancellor retains jurisdiction to modify alimony even after an appeal has been taken. *Lewis v. Lewis*, 219 Md. 313, 149 A.2d 403; *Hornstein v. Hornstein*, 195 Md. 627, 75 A.2d 103.

\* \* \*

... If a court is allowed to award and modify alimony, child support and counsel fees pending an appeal, there is no reason why it cannot enforce its decree.

35 Md.App. at 686–88, 371 A.2d 1146 (Internal citations omitted).

For the above stated reasons, there is no reason why the appeal of a custody order divests the circuit court of jurisdiction to decide the merits of a claim that a change of custody is in the best interest of the child whose custody order is at issue in the pending appeal, *provided that* the motion for change of custody pending appeal is based upon the assertion of a material change in circumstances that has occurred subsequent to the entry of that order.

### Revisiting the Recusal Issue

Rare are the cases in which a Family Division judge should grant a motion for recusal on the ground that, as a result of prior rulings in an ongoing domestic relations case, the judge has become "prejudiced" against the party who has moved for the judge's recusal. In "family law" cases, however, parties are often overcome by emotion when they are disappointed by an adverse custody or visitation ruling (or by the judge's considered decision to hold a matter *sub curia* in the hope that the adverse parties will, while the ruling is pending, act in the best interest of their children). There is, unfortunately, no test that can establish to a scientific certainty when it is appropriate for a different judge to resolve "new" custody and/or visitation issues that arise in a Family Division case that is unlikely to conclude before all of the parties' children become emancipated.

In order for custody and visitation issues to be resolved in the best interest of the children who are the subjects of those

proceedings, it is important that the court conduct those proceedings in a way that the party who disagrees with the court's decision will nonetheless understand that, in the words of Maryland Rule 5–102, the "proceedings [have been] justly determined." As we stated above, we are persuaded that the circuit court did not abuse its discretion in denying the appellant's motions for recusal. We emphasize, however, that it would not be an abuse of discretion for the circuit court to conclude that the case at bar has reached the point at which the interests of the parties and the children would be best served if a different judge conducts the further proceedings required by this opinion.

**ORDER SUSPENDING APPELLANT'S VISITATION VACATED AS A "FINAL" ORDER AND CONVERTED TO A *PENDENTE LITE* ORDER; JUDGMENTS OTHERWISE AFFIRMED; CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; APPELLANT TO PAY 90% OF THE COSTS; 10% OF THE COSTS TO BE PAID BY APPELLEE; MANDATE TO ISSUE FORTHWITH.**